# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-30742
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LORENZO V. RODRIGUEZ,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:13-CR-33-1

————

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Lorenzo V. Rodriguez appeals the 18-month within-guidelines sentence imposed after he pleaded guilty to being an alien in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(5)(A). All of Rodriguez's appellate arguments to go the district court's application of the four-level increase called for by U.S.S.G. § 2K2.1(b)(4)(B). For the reasons set forth below, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30742

Rodriguez's advisory guidelines sentencing range was determined under § 2K2.1. Section 2K2.1(b)(4)(B) calls for a four-level increase in a defendant's offense level if he possessed a firearm with "an altered or obliterated serial number." The increase is to be applied "regardless of whether the defendant knew or had reason to believe that the firearm . . . had an altered or obliterated serial number." § 2K1.2, comment. (n.8(B)). "This court has continually enforced the clear and unambiguous language of § 2K2.1(b)(4) and its strict liability standard." *United States v. Perez*, 585 F.3d 880, 883 (5th Cir. 2009). Rodriguez challenges the validity of the Guideline's strict liability standard, but *Perez* governs the issue. *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002) (holding that one panel of this court may not overrule the decision of another absent an intervening en banc or Supreme Court decision that changes the applicable law).

The penalty for a violation of § 922(g) is found at 18 U.S.C. § 924(a)(2). Section 924(a)(2) does not mandate any minimum sentence for a violation of § 922(g), and it caps a defendant's possible prison sentence at 10 years. No other penalty range is triggered by the fact of the obliteration of a firearm's serial number. Because the fact of the obliterated serial number is not a fact that increases the mandatory minimum or maximum statutory sentencing range, Rodriguez's argument that it was required to be proven beyond a reasonable doubt fails. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013)("Tuma's sentence did not expose him to a mandatory minimum sentence and was well within the sentencing discretion of the district court; therefore, *Alleyne* is inapplicable."). "It is settled in this circuit that a sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a

No. 13-30742

Guidelines sentencing range." *United States v. Setser*, 568 F.3d 482, 498 (5th Cir. 2009) (internal quotation marks and citation omitted).

We also reject Rodriguez's argument that the district court impermissibly considered the obliteration of the serial number in sentencing him because that same obliteration was the subject of a separate count in the indictment, charging him with violating § 922(k), that was later dismissed. Conduct that is charged in dismissed counts of an indictment may be considered as relevant conduct for sentencing purposes as long as the conduct has been proved by a preponderance of the evidence. *United States v. Valdez*, 453 F.3d 252, 264 (5th Cir. 2006); *see* U.S.S.G. § 6B1.2(a).

Finally, we consider the applicability of § 2K2.1(b)(4)(B) here. According to the presentence report (PSR), the serial number of the firearm Rodriguez possessed had, in fact, been obliterated or removed. The PSR was prepared using investigative reports provided by the Government. Accordingly, the facts contained therein had sufficient indicia of reliability that the district court could rely upon them in making its factual determinations absent the presentation of rebuttal evidence by Rodriguez. *See United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013); *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). Rodriguez has never asserted that the serial number of the firearm he possessed was not obliterated. Instead, his arguments have pertained only to his knowledge of that obliteration, which knowledge is irrelevant for purposes of § 2K2.1(b)(4)(B). *See Perez*, 585 F.3d at 883. Thus, the district court's finding that Rodriguez possessed a firearm with an obliterated serial number was plausible in light of the record as a whole and the district court's application of the four-level enhancement under § 2K2.1(b)(4)(B) was not clearly erroneous. *See id.*

AFFIRMED.

3