# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60856
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JEREMY T. WALKER,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CR-119-1

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

A jury found Jeremy T. Walker guilty of possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Walker to, *inter alia*, a within-Guidelines sentence of 97-months' imprisonment. Walker challenges the four-level sentencing enhancement he received, pursuant to Sentencing Guideline § 2K2.1(b)(4)(B), because the firearm he possessed had an obliterated serial number.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-60856

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Guideline § 2K2.1(b)(4)(B) applies a four-level enhancement to defendant's base offense level "[i]f any firearm . . . had an altered or obliterated serial number". U.S.S.G. § 2K2.1(b)(4)(B). Needless to say, whether the firearm at issue had an obliterated serial number is a question of fact, reviewed for clear error. *See, e.g.*, *United States v. Rodriguez*, 559 F. App'x 332, 332–33 (5th Cir. 2014) (per curiam) (reviewing four-level enhancement under Guideline § 2K2.1(b)(4)(B) for clear error).

"[A] firearm's serial number is altered or obliterated when it is materially changed in a way that makes accurate information less accessible". *United States v. Jones*, 927 F.3d 895, 896–97 (5th Cir. 2019) (internal quotation marks and citation omitted). "The [G]overnment has the burden of demonstrating, by a preponderance of the evidence, the facts that are necessary to support the enhancement." *United States v. Soza*, 874 F.3d 884, 889 (5th Cir. 2017) (citation omitted).

"When making factual findings for sentencing purposes, district courts may consider any information which bears sufficient indicia of reliability to support its probable accuracy." *United States v. Harris*, 702 F.3d 226, 230 (5th

Cir. 2012) (per curiam) (internal quotation marks and citation omitted). Along that line, a presentence investigation report (PSR) generally has such "reliability to be considered as evidence by the sentencing judge in making factual determinations". *Id.* (citation omitted). "A district court, therefore, may adopt the facts contained in a [PSR] without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *Id.* (alteration in original) (internal quotation marks and citation omitted).

In making its factual findings concerning the § 2K2.1(b)(4)(B) enhancement, the court considered Walker's PSR. It was based on information provided by federal and state agencies and supported by trial testimony that the firearm Walker possessed had an altered or obliterated serial number partially restored after his arrest. Walker did not present testimony or other rebuttal evidence to show that the PSR's information was materially untrue, inaccurate, or unreliable. Accordingly, the court did not clearly err in assessing the four-level enhancement.

AFFIRMED.