# United States Court of Appeals
## For the First Circuit

No. 12-1639

UNITED STATES OF AMERICA,

Appellee,

v.

BRIAN K. ROGERS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Lynch, Chief Judge,
Stahl and Thompson, Circuit Judges.

Robert C. Andrews on brief for appellant.
Thomas E. Delahanty II, United States Attorney, and Margaret
D. McGaughey, Assistant United States Attorney, on brief for
appellee.

July 2, 2014

**Per curiam**. Following his conviction for possession of child pornography, defendant Brian Rogers appealed both his conviction and the district court's restitution order requiring him to pay $3,150 to Vicky, the victim who appeared in at least nine video clips found on his computer. We affirmed both the conviction and the restitution order. See United States v. Rogers, 714 F.3d 82 (1st Cir. 2013). The Supreme Court granted certiorari, vacated, and remanded for further consideration in light of its recent decision in Paroline v. United States, 134 S. Ct. 1710 (2014). See Rogers v. United States, 134 S. Ct. 1933 (2014). We have received post-remand briefing from the parties. Defendant argues that the sum of $3,150 does not accord with the causation requirements of Paroline. He is wrong.

Paroline concerned the methodology to be used by the district courts for crafting restitution orders, and confirmed such awards were to be made in the exercise of the court's "discretion and sound judgment." 134 S. Ct. at 1728. It did not change any of the standards relevant to defendant's underlying conviction, and defendant does not so argue. We adopt our prior reasoning as to defendant's conviction. See Rogers, 714 F.3d at 86-88.

We also affirm the district court's restitution order. We review restitution orders for abuse of discretion. United States v. Kearney, 672 F.3d 81, 91 (1st Cir. 2012). Although the district court did not have the benefit of Paroline at the time it

made its decision, we conclude, applying Paroline, that the order is not an abuse of discretion. Paroline requires district courts to "determine the amount of the victim's losses caused by the continuing traffic in the victim's images . . . , then set an award of restitution in consideration of factors that bear on the relative causal significance of the defendant's conduct in producing those losses." 134 S. Ct. at 1728. Those factors include:

> the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role.

Id.

The district court's decision comports with these instructions. The court considered a chart submitted by the government showing the individual amounts of restitution orders to Vicky that had been entered in past cases. The district court excluded past costs and based its award on an estimate of Vicky's future therapy costs, occasioned by defendant's conduct. It first limited the losses to general losses from "continuing" traffic in

Vicky's images from the period when defendant had viewed them. It then distinguished the future therapy losses attributable to defendant from the harm resulting from other viewers and from Vicky's therapy needs relating to her father and the difficulty of her relationships with male friends. The court further considered the fact that several other defendants had been sentenced and ordered to pay restitution for possessing images of Vicky, and that defendant viewed the images and may also have shared them through a file sharing program. The court commented that it would select a restitution figure representing the cost of 18 therapy visits, but noted that 50 visits would also have been a reasonable conclusion. The court picked a figure at the low end. On the basis of these factors, the court entered a restitution order of $3,150.

This order certainly was not an abuse of discretion in light of Paroline. Consequently, we affirm the district court's restitution order.

So ordered.