FILED

United States Court of Appeals

Tenth Circuit

**March 13, 2015**

**Elisabeth A. Shumaker**

**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

JOSEPH EDDY BENOIT,

　　　　Defendant - Appellant.

No. 14-5065

(D.C. No. 4:11-CR-0083-JHP-1)

(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **MORITZ**, Circuit Judges.

Joseph Eddy Benoit appeals the district court's amended judgment sentencing

him to eighty months' imprisonment for the receipt of child pornography and

awarding the victim $13,200 in restitution. Exercising jurisdiction under 28 U.S.C. §

1291, we affirm.

---

[*]　After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

Benoit was indicted on charges of receiving and possessing child pornography after police "found over 320 images and approximately eighty videos of child pornography" on his computer. *United States v. Benoit*, 713 F.3d 1, 7 (10th Cir. 2013) (*Benoit I*). A jury convicted Benoit on both counts.

At sentencing, the government sought restitution on behalf of the victim, ("Vicky"), depicted in two images and four videos possessed by Benoit. Although Vicky did not appear or testify at the sentencing hearing, her attorney testified Vicky "feels hurt all over again to think that someone . . . is . . . looking at pictures of her" being raped, and that "with the images being out on the Internet and proliferating, that it's an ongoing thing that keeps the original trauma alive and happening over and over and over again." R., Vol. I (Part #1) at 633-34. According to Vicky's attorney, Vicky receives counseling, which she funds partly with restitution awards.

At the conclusion of the hearing, the district court sentenced Benoit to concurrent terms of 125 and 120 months' imprisonment on the receipt and possession counts, respectively, and awarded Vicky $11,466 in restitution under 18 U.S.C. § 2259.[1] That sum comprised $5,950 in legal fees and $5,516 as restitution, the latter

---

[1] Section 2259 requires restitution to victims of childhood sexual exploitation for "costs incurred by the victim for"

    (A) medical services relating to physical, psychiatric, or psychological care;
    (B) physical and occupational therapy or rehabilitation;

(continued)

of which was calculated by dividing Vicky's total losses ($1,224,694.04) by the number of restitution judgments she had received at the time of the hearing (222). *See Benoit I*, 713 F.3d at 22.

On appeal, this court in *Benoit I* held Benoit's dual convictions for receipt and possession of child pornography violated double jeopardy, and the court remanded to district court to vacate one of the convictions and the related sentence. *Benoit I*, 713 F.3d at 18. Regarding restitution, the panel held the government must show "the victim's losses are proximately caused by the defendant's offense," *id.* at 20, and the government could not meet this standard simply by showing Benoit "participated in the audience of persons who viewed [Vicky's] images," *id.* at 22 (internal quotation marks omitted). Instead, the panel required "specificity" between the victim's losses and the defendant's actions. *Id.* at 22 & n.8 (criticizing the district court's approach of "dividing a victim's total damages by the number of end-viewers of child pornography" without "factual findings as to whether the number of judgments was approximately equal to the number of end-users or whether Benoit caused approximately the same amount of damages as other end-users"). Thus, the panel

---

(C) necessary transportation, temporary housing, and child care expenses;
(D) lost income;
(E) attorneys' fees, as well as other costs incurred; and
(F) any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(3).

additionally remanded the case "for a redetermination of the portion of damages allocable to Benoit, if any." *Id.* at 22-23.

In the interim between this court's remand and Benoit's resentencing, the Supreme Court decided *Paroline v. United States*, 134 S. Ct. 1710 (2014). There, the Court held the government must prove proximate cause to recover restitution for the victim under § 2259. Further, the Court offered various factors for determining the restitution amount. *Id.* at 1722, 1728.

On remand, the district court vacated Benoit's possession count. The revised Presentence Investigation Report (PSR) calculated Benoit's offense level under U.S.S.G. § 2G2.2 as 33, which included, among other things, a two-level enhancement for using a computer to receive child pornography. Because Benoit had no prior criminal convictions, his criminal history fell in category one with a resulting sentencing guidelines range of 135 to 168 months' imprisonment. Further, the PSR indicated the government sought restitution on Vicky's behalf in the amount of $777,017.67, including $5,950 for attorney fees.

Benoit objected to the revised PSR, requesting a downward departure and/or a variance to a sentence of no more than 41months.[2] Benoit urged the court to award either no restitution or "no more than the $950" awarded in *United States v. Betche*,

---

[2] Given the five-year statutory minimum sentence for receiving child pornography, 18 U.S.C. § 2252(b)(1), Benoit could have been sentenced to 41 months or less only on the possession conviction, *id.* § 2252(b)(2), but that conviction was vacated.

No. 12-CR-102 (N.D. Okla.), another child pornography case involving Vicky. R., Vol. I (Part 1) at 558, 562.

At the resentencing hearing, the district court granted Benoit's request for a variance, in part, decreasing the offense level from 33 to 28. The district court explained its variance, noting "th[e] two level enhancement [for using a computer to receive pornographic images] applies in virtually every case and, thus, fails to differentiate among offenders with respect to their involvement in child pornography communities." R., Vol. IV at 36. Further, the district court observed the lack of evidence showing Benoit had "a history of criminal sexually dangerous behavior or noncriminal sexually deviant behavior suggesting sexual dangerousness." *Id.* at 37. Finally, the district court indicated it granted a five-level variance based on the 18 U.S.C. § 3553(a) factors, "includ[ing] the nature and circumstances of the offense, the seriousness of the offense, and the need to afford adequate deterrence to criminal conduct." *Id.* at 36-37.[3] The offense-level variance resulted in a new guidelines range of 78-97 months, and the district court sentenced Benoit to 80 months.

Before awarding restitution of $13,200, the district court noted its awareness of *Paroline* and characterized Benoit as "a receiver, viewer, and possessor of [Vicky's] images" whose actions "directly and proximately resulted in [her] losses."

---

[3] Section 3553(a) sets forth various factors a district court must consider in imposing sentence. These include, among other factors, the nature of the offense and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, provide adequate deterrence, protect the public, and provide the defendant with needed training or treatment.

R., Vol. IV at 24.  The district court also discussed the specific *Paroline* factors it considered relevant to determining the restitution amount in this case:

> The relevant factors in the instant case are the 222 past criminal defendants found to have contributed to the victim's general losses, that [Benoit] did not reproduce [ ]or distribute images of the victim, [that] [Benoit] was not involved in the initial production of the images, and that [Benoit] received and possessed two images and four videos depicting the victim being raped . . . .

*Id.* at 42.

In awarding restitution, the court pointed out the total award of $13,200 included the same award for attorney fees, $5,950, the government sought on behalf of Vicky at Benoit's first sentencing.  Thus, the remaining $7,250 constituted damages caused by Benoit. After the court announced the award, Benoit's counsel did not object, but the prosecutor inquired whether "there [were] any other bases to determine that additional amount?" The district court responded, "No."  *Id.* at 47. Benoit appeals the restitution award as well as the sentence imposed.

## DISCUSSION

Benoit first argues his sentence is both procedurally and substantively unreasonable. We review these challenges for abuse of discretion. *United States v. Morrison*, 771 F.3d 687, 691 (10th Cir. 2014). "Procedural reasonableness focuses on whether the district court erred in calculating or explaining the sentence." *United States v. Halliday*, 665 F.3d 1219, 1222 (10th Cir. 2011) (internal quotation marks omitted).  Substantive reasonableness pertains to "whether the length of the sentence is reasonable in light of the factors contained in 18 U.S.C. § 3553(a)." *Id.*  "We

apply a rebuttable presumption of reasonableness to a below-guideline sentence challenged by the defendant as unreasonably harsh." *United States v. Ray*, 704 F.3d 1307, 1317 (10th Cir. 2013) (internal quotation marks omitted).

Benoit first contends his sentence is procedurally unreasonable, but he offers scant argument to support his contention. He mentions procedural error only when vaguely referencing a district court's discretion to vary from the Guidelines due to a categorical policy disagreement. *See, e.g.*, *Spears v. United States*, 555 U.S. 261, 264 (2009) (per curiam) (holding a district court has authority "to vary from the crack cocaine Guidelines based on a policy disagreement with them" (italics omitted)). Benoit seems to suggest the district court here was unaware of its ability to vary from the child-pornography Guidelines. But the record proves otherwise, as the district court granted Benoit a variance based on a policy disagreement with the Guidelines.[4]

Benoit also argues his 80-month sentence is substantively unreasonable when compared to sentences imposed in other "very similar cases." Aplt. Opening Br. at 27. In support, he identifies 13 other cases in which defendants received sentences ranging from 30 to 87 months' imprisonment. But he fails to show that any of those

---

[4]     In his reply brief, Benoit vaguely asserts the district court committed procedural error by "double counting to also increase [his] sentence for going to trial and causing a jury to see the evidence." Aplt. Reply Br. at 30-31. But arguments raised for the first time in a reply brief are waived. *United States v. Watson*, 766 F.3d 1219, 1230-31 n.8 (10th Cir.), *cert. denied*, 135 S. Ct. 735 (2014). Moreover, "perfunctory or cursory reference to issues unaccompanied by some effort at developed argument [is] inadequate to warrant consideration." *United States v. Jones*, 768 F.3d 1096, 1105 (10th Cir. 2014).

cases are factually similar to his own case. *See United States v. Davis*, 437 F.3d 989, 997 (10th Cir. 2006) ("While similar offenders engaged in similar conduct should be sentenced equivalently, disparate sentences are allowed where the disparity is explicable by the facts on the record." (internal quotation marks omitted)). Indeed, as the government points out, (1) more than half the cases Benoit identifies likely did not involve the receipt of child pornography because that conviction carries a mandatory 60-month minimum sentence; and (2) in all of the cases Benoit identifies, it appears defendants pleaded guilty; consequently, they may have obtained an acceptance-of-responsibility adjustment—an adjustment Benoit did not receive since he did not plead guilty.[5] Further, two of the cases Benoit cites were dismissed and no sentence imposed, while one of the cases resulted in a sentence longer than Benoit's.

Next, relying on *United States v. Dorvee*, 616 F.3d 174, 186 (2d Cir. 2010), Benoit complains the district court did not vary sufficiently downward. In *Dorvee* the court found the defendant's 240-month sentence for distributing child pornography substantively unreasonable because of the general applicability of many of the § 2G.2 enhancements employed in that case, including increases of two levels for images involving a prepubescent minor, two levels for using a computer, four

---

[5] To the extent Benoit argues he "only went to trial to test legal theories, and should not be punished more for that reason," Aplt. Opening Br. at 29, this court rejected that argument in *Benoit I*, 713 F.3d at 24 (concluding district court did not clearly err in denying Benoit acceptance of responsibility adjustment despite his claim he went to trial "only to test legal theories").

levels for images depicting sadistic or masochistic conduct, and five-levels for possessing 600 or more images. The Second Circuit noted "these enhancements, which apply to the vast majority of [child-pornography] defendants," typically produce an offense level of 35, with a sentencing range "of at least 168 to 210 months, rapidly approaching the statutory maximum" of twenty years. *Id.*

Benoit misplaces reliance on *Dorvee*. At Benoit's resentencing, the district court recognized the over-inclusiveness of at least one § 2G.2 offense-level enhancement, varying downward two levels to negate the computer-usage enhancement. The district court then varied downward three more levels because "the current nonproduction penalty scheme does not fully account for the variations and offenders' known histories of criminal sexually dangerous behavior." R., Vol. IV at 37. Further, the district court explained it based its variance decision on consideration of the § 3553(a) factors.

We must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007). Indeed, the availability of a variance doesn't compel its award. *United States v. Sells*, 541 F.3d 1227, 1238 (10th Cir. 2008); *see, e.g.*, *Morrison*, 771 F.3d at 692-93 (observing district courts need not "vary from the child pornography Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them" (internal quotation marks and italics omitted)). So even if we were to conclude the district court might have appropriately jettisoned some of the remaining

§ 2G.2 enhancements, that conclusion would be "insufficient to justify reversal of the district court," *Gall*, 552 U.S. at 51.

We conclude Benoit has failed to show that his 80-month sentence is either procedurally or substantively unreasonable.

Benoit also challenges "the restitution sum of $13,200." Aplt. Opening Br. at 12. Preliminarily, we note that $5,950 of that sum represents attorney fees explicitly approved in *Benoit I*. There, we held the district court based the attorney fee award "on a conservative estimate of hours devoted to this case multiplied by an hourly rate"; thus, we found "no issue" with that portion of the total restitution award. *Benoit I*, 713 F.3d at 22.

Under the law of the case doctrine, when a case is appealed and remanded, the appellate court's decision establishes the law of the case and ordinarily must be followed by both the trial court on remand and the appellate court in any subsequent appeal. *United States v. Rodriguez-Aguirre*, 414 F.3d 1177, 1185 n.9 (10th Cir. 2005). Because Benoit advances no exception to application of the law of the case doctrine, we will consider only his challenge to the remaining, non-attorney-fees portion of the restitution award, $7,250.

Benoit complains the district court erred in imposing restitution because it failed to: provide "a specific calculation equation"; consider the amount of past restitution orders awarded to Vicky; distinguish between losses attributable to continuing traffic in Vicky's images and those attributable to her original physical

abuse; or impose restitution in an amount similar to the restitution imposed in other cases involving images of Vicky. He also argues the district court increased the restitution award by $1,734 as retribution for his success in *Benoit I*.

Generally, "[w]e review the factual findings underlying a restitution order for clear error and the amount of restitution imposed for abuse of discretion." *United States v. Bowling*, 619 F.3d 1175, 1187 (10th Cir. 2010). But Benoit did not make these arguments below, and he makes no effort on appeal to establish reversal is warranted under our plain-error review. Thus, we decline to reach these claims.[6] *See Campbell v. City of Spencer*, No. 14-6015, 2014 WL 7145511, at *5 (10th Cir. Dec. 16, 2014) (holding appellant waives argument not raised below by failing to argue for plain error and its application on appeal).

---

[6]Although Benoit did refer in his Resentencing Memorandum to another case involving images of Vicky, *United States v. Betche*, No. 12-CR-102 (N.D. Okla.), Benoit fails to address that case on appeal, thus he has waived this argument. *See United States v. Wayne*, 591 F.3d 1326, 1336 n.6 (10th Cir. 2000). Instead, Benoit argues the district court erred in ordering him to pay more restitution than some other defendants in cases involving Vicky that were decided after his resentencing, including *United States v. Hernandez*, No. 2:11-cr-00026-GEB, 2014 WL 2987665, at *10 (E.D. Cal. July 2014) (unpublished) and *United States v. Rogers*, 758 F.3d 37, 39-40 (1st Cir. 2014). But we decline to reach this argument as Benoit clearly did not raise it below and does not attempt to show plain error on appeal. *See Campbell*, 2014 WL 7145511, at *5.

## CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court


Nancy L. Moritz
Circuit Judge