# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1218
_____

United States of America

*Plaintiff - Appellee*

v.

Ricky Funke

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: November 14, 2016
Filed: January 24, 2017

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Ricky J. Funke pled guilty to one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The district court[1] sentenced him to 135 months' imprisonment and ordered $3,500 in restitution. He appeals the

_____

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

sentence and restitution. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Funke possessed over 600 images and videos of child pornography, including depictions of child rape and bondage. Among these were 21 videos from the "Vicky series," depicting her sexual abuse at the age of 10 and 11. Some of the images and videos had been on his computer since 2001.

Funke's guideline range was 135 to 168 months. At sentencing, he moved for a downward variance. The district court denied it, sentencing him to 135 months' imprisonment. Vicky requested $27,500 in restitution and attorney's fees. On the government's recommendation, the court ordered $3,500 restitution to Vicky.

I.

Funke argues the district court erred in sentencing him to 135 months, the bottom of the guidelines range. He asserts the court gave insufficient weight to his military service, lack of criminal record, and long-term employment.

This court reviews the substantive reasonableness of a sentence for abuse of discretion. *United States v. Harlan*, 815 F.3d 1100, 1107 (8th Cir. 2016).

> An abuse of discretion occurs when: 1) a court fails to consider a relevant factor that should have received significant weight; 2) a court gives significant weight to an improper or irrelevant factor; or 3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment.

*United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011). Where "a sentence imposed is within the advisory guideline range, [this court] typically accord[s] it a presumption of reasonableness." *United States v. Scales*, 735 F.3d 1048, 1052 (8th

Cir. 2013), *quoting* **United States v. Deegan**, 605 F.3d 625, 634 (8th Cir. 2010). "It is the defendant's burden to rebut the presumption and to show that the sentence should have been lower." **United States v. Goodale**, 738 F.3d 917, 926 (8th Cir. 2013), *citing* **United States v. Peck**, 496 F.3d 885, 891 (8th Cir. 2007).

Funke has not rebutted the presumption. After argument from both parties, the district court stated it had "carefully considered each and every factor under 18 United States Code § 3553(a)." The court considered Funke's military service, lack of criminal record, and long-term employment, but determined that the length of his criminal conduct and the large number of images did not warrant a downward variance. The district court did not abuse its discretion in sentencing at the bottom of the guidelines range. *See* **United States v. Feemster**, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) ("[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.") (quotation omitted).

## II.

Funke contests the restitution. First, he contends the district court should not have included future costs in "costs incurred" by Vicky. Second, he challenges the amount of the award. "An award of restitution is reviewed for abuse of discretion, and district court interpretations of the Mandatory Victims Restitution Act (MVRA) are reviewed de novo." **United States v. Evans**, 802 F.3d 942, 950 (8th Cir. 2015), *quoting* **United States v. Allison**, 772 F.3d 554, 556 (8th Cir. 2014).

## A.

Restitution shall be awarded for the "full amount of the victim's losses," defined as "any costs incurred by the victim for":

(A) medical services relating to physical, psychiatric, or psychological care;
(B) physical and occupational therapy or rehabilitation;
(C) necessary transportation, temporary housing, and child care expenses;
(D) lost income;
(E) attorneys' fees, as well as other costs incurred; and
(F) any other losses suffered by the victim as a proximate result of the offense.

**18 U.S.C. § 2259(b)(3)**.

Funke argues "costs incurred" do not include future costs. Five circuits hold that future losses are compensable under section 2259. *See **United States v. Rogers**,* 758 F.3d 37, 39 (1st Cir. 2014) (affirming restitution based on "an estimate of Vicky's future therapy costs, occasioned by defendant's conduct"); ***United States v. Pearson***, 570 F.3d 480, 486 (2nd Cir. 2009) (holding that costs incurred "may include restitution for estimated future medical expenses"); ***United States v. Danser***, 270 F.3d 451, 455 (7th Cir. 2001) (holding that future counseling expenses are compensable under section 2559); ***United States v. Julian***, 242 F.3d 1245, 1246-48 (10th Cir. 2001) (same); ***United States v. Laney***, 189 F.3d 954, 966-67 (9th Cir. 1999) (same). As the Seventh Circuit explained:

> We do not believe that Congress sought to create such a cumbersome procedure for victims to receive restitution. In enacting section 2259, it is clear that Congress intended to provide victims of sexual abuse with expansive relief for "the *full* amount of ... [their] losses" suffered as a result of abuse, § 2259(b)(3)(B) (emphasis added). Congress chose unambiguously to use unqualified language in prescribing full restitution for victims. Indeed, in the legislative history of the contested statute, Congress cites the United States Supreme Court's landmark decision in *New York v. Ferber,* 458 U.S. 747, 102 S. Ct. 3348, 73 L.Ed.2d 1113 (1982). In that case, the Court discussed, at great length, the devastating

and long term effects that the sexual exploitation of children can have both upon the victims of that abuse and greater society. *Id.* In light of Congress's intent to make whole those victims of sexual exploitation, we find that section 2259 allows for restitutionary damages for the future costs of therapy.

*Danser*, 270 F.3d at 455. Persuaded by the reasoning of the other circuits, the district court properly awarded restitution based on future losses.

B.

Funke challenges the district court's proximate cause determination. In *Paroline v. United States*, the Supreme Court considered a similar argument, holding:

In this special context, where it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses.

*Paroline*, 134 S. Ct. 1710, 1727 (2014). Determining the proper amount of restitution "cannot be a precise mathematical inquiry and involves the use of discretion and sound judgment." *Id.* at 1728. The Court listed factors to consider:

the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of

-5-

the victim the defendant possessed; and other facts relevant to the defendant's relative causal role.

*Id.*

The district court properly applied the *Paroline* factors, considering Funke's "possession of a large number of files involving [Vicky] and his role in distributing files to others over the BitTorrent program." The court did not abuse its discretion in awarding $3,500 in restitution. *See United States v. Evans*, 802 F.3d 942, 949-50 (8th Cir. 2015) (finding no abuse of discretion in $3,250 restitution to Vicky where the defendant possessed "20 videos and a handful of images" of her); *United States v. Beckmann*, 786 F.3d 672, 682 (8th Cir. 2015) (finding no abuse of discretion in $3,000 restitution to Vicky where the defendant possessed 14 videos and two images of her).

\* \* \* \* \* \* \*

The judgment is affirmed.

---