# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-3559

_____

United States of America

*Plaintiff - Appellee*

v.

David S. Knapp

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 10, 2017
Filed: June 12, 2017
[Unpublished]

_____

Before RILEY, Chief Judge,[1] GRUENDER, Circuit Judge, and SCHREIER,
District Judge.[2]

_____

_____

[1]The Honorable William Jay Riley stepped down as Chief Judge of the United
States Court of Appeals for the Eighth Circuit at the close of business on March 10,
2017.  He has been succeeded by the Honorable Lavenski R. Smith.

[2]The Honorable Karen E. Schreier, United States District Judge for the District
of South Dakota, sitting by designation.

PER CURIAM.

David S. Knapp pleaded guilty to one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court[3] sentenced him to 168 months' imprisonment and ordered him to pay $11,000 in restitution, to be divided among four victims. On appeal, Knapp challenges only the restitution award. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

While conducting an undercover investigation into child pornography on the BitTorrent peer-to-peer file-sharing network, a St. Louis Metropolitan Police Department officer was able to download a video of child pornography from Knapp's IP address. This discovery was relayed to police in St. Louis County, where Knapp's home is located, who in turn discovered that Knapp is a registered sex offender. Armed with this information, officers secured a search warrant for his residence. On December 1, 2015, officers executed the warrant and seized numerous computers and other electronic devices, including a laptop hidden in the crawl space of his home. In total, these devices contained 4,122 images and 705 videos of child pornography.

On December 10, 2015, a federal grand jury indicted Knapp on one count of distribution of child pornography and one count of possession of child pornography. Knapp subsequently entered a guilty plea to the possession charge, and the Government agreed to dismiss the distribution charge. Thereafter, the Government filed four detailed restitution requests on behalf of four victims: (1) "Casseaopeia," who requested $13,500 based on a total loss of $1,078,159; (2) "Vicky," who requested $10,000 based on a total loss of $1,195,947.96; (3) "Sarah," who requested $25,000 based on a total loss of $2,752,089.71; and (4) "Violet," who requested $10,000 based on a total loss of $120,154.76.

---

[3]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

Prior to sentencing, Knapp's counsel and the Government agreed that a total restitution award of $9,000 was appropriate, with $2,500 apiece going to Casseaopeia and Vicky and $2,000 apiece going to Sarah and Violet. At the sentencing hearing, however, Knapp disputed these amounts based on the Supreme Court's decision in *Paroline v. United States*, 134 S. Ct. 1710 (2014). Specifically, he claimed that he should not be required to pay anything, suggesting that "the guy in that case didn't cause proximate losses to . . . the victim," and "just as in [*Paroline,*] the four victims in this [case] do not know me."[4] The Government, in turn, increased its restitution request to $11,000—representing an additional $500 for each victim. It also noted that *Paroline* laid out factors for district courts to consider in ordering restitution, including that the award cannot be a token or nominal amount, that it must help cover the victim's outstanding losses, and that it bear some relation to the number of images of the victim a defendant possesses and to whether the defendant distributed these images. Thus, to justify its requests, the Government argued that the amounts were based on an analysis of the *Paroline* factors and were "consistent with other restitution totals and amounts that have either been stipulated to or ordered by the Court in this jurisdiction." It further explained that it had requested larger amounts for Vicky and Casseaopeia because Knapp possessed both images and videos of these victims. Based on this information, the district court granted the Government's full request for $11,000 in restitution. Knapp timely appeals the four awards.

"District courts routinely exercise wide discretion both in sentencing as a general matter and more specifically in fashioning restitution orders." *Id.* at 1729. Accordingly, "[a]n award of restitution is reviewed for abuse of discretion." *United States v. Funke*, 846 F.3d 998, 1000 (8th Cir. 2017) (citation omitted). The grant of

---

[4]To the extent Knapp renews this argument on appeal, his assertion that he did not proximately cause victims' losses because they "do not know me" is entirely unavailing. *See United States v. Beckmann*, 786 F.3d 672, 683 (8th Cir. 2015) ("As the Supreme Court stated [in *Paroline*], mere possessors are still liable for restitution because their actions proximately cause harm to the victim(s).").

restitution in child pornography cases is mandatory under 18 U.S.C. § 2259, which directs courts to award "the full amount of the victim's losses" attributable to the relevant offense. In *Paroline*, the Supreme Court clarified the causation requirements for such awards. While finding that Congress intended § 2259 to limit restitution to losses that are a proximate result of the defendant's offense, *Paroline* also held that the statute does not require "but-for causation." 134 S. Ct. at 1722, 1727. Instead, the Court explained,

> where it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses. . . . This would serve the twin goals of helping the victim achieve eventual restitution for all her . . . losses and impressing upon offenders the fact that child-pornography crimes, even simple possession, affect real victims.

*Id.* at 1727. To this end, in determining a defendant's relative culpability under *Paroline*, "district courts may consider a number of factors, though they should not treat the inquiry as a purely mathematical or mechanical exercise. These factors are to be 'rough guideposts for determining an amount that fits the offense.'" *United States v. Evans*, 802 F.3d 942, 950 (8th Cir. 2015) (quoting *id.* at 1728).

Knapp argues that the district court abused its discretion in determining the amount of the four restitution awards by insufficiently accounting for his relative role in the causal process underlying each victim's losses. Specifically, he suggests that "[t]he amount awarded was based solely on the number of photographs and videos in Knapp's possession, and no attention was paid . . . to the amount of losses that the victims had suffered or the number of people who possessed their photos." As an

initial matter, we note that the Supreme Court's command in *Paroline* requires only that restitution awards reflect "an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses," 134 S. Ct. at 1727, not that district courts engage in an explicit consideration of any particular factor, *see id.* at 1728 ("These factors need not be converted into a rigid formula, especially if doing so would result in trivial restitution orders."). We have repeatedly reiterated this point in reviewing child-pornography restitution orders in the wake of *Paroline*. In *United States v. Beckmann*, for example, the defendant claimed that the district court had abused its discretion in granting restitution without addressing all of the factors outlined in *Paroline*. 786 F.3d at 683 n.8. We rejected this argument as "unpersuasive in light of the explicit language in *Paroline*[:] 'There are a variety of factors district courts *might* consider in determining a proper amount of restitution, and *it is neither necessary nor appropriate to prescribe a precise algorithm for determining the proper restitution* amount . . . .'" *Id.* (quoting *Paroline*, 134 S. Ct. at 1727). In other words, district courts are not required to conduct a mechanical recitation of the factors *Paroline* suggested might be helpful in setting restitution awards. 134 S. Ct. at 1728.

Knapp's first claim—that the district court ignored the amount of losses that the victims had suffered—fails based on the record. All four victims submitted detailed materials cataloguing their respective harms—including victim and family impact statements, psychological evaluations, vocational assessments, and life care plans—which the Government filed along with its restitution request. Moreover, all four victims provided letters from their attorneys detailing how the *Paroline* factors supported their requests. As to Knapp's second argument, even assuming that the district court failed to consider the number of people who possessed each victim's images, we have already explained that *Paroline* does not require an analysis of each of its permissive factors.

Lastly, Knapp contends that a disparity in the harm suffered by two of the victims required the district court to order amounts more directly tailored to each victim. As Knapp accurately notes,

> "Sarah" claimed a full amount of economic loss in the amount of $2,752,089.71; while "Violet" claimed a full amount of economic loss in the amount of $120,154.76 – less than one-twentieth of the amount of losses that Sarah claimed. Yet the court granted them each the same amount: $2,500 in restitution. . . . Given the disparity in the harm caused to each, an analysis of the significance of Knapp's conduct in the victims' losses should not result in the same amount of restitution, absent other striking differences not found here.

This argument ignores the fact that there have been 315 restitution orders entered in favor of Sarah, while Violet has only received three, as she only recently began seeking restitution. We recognize that, despite Sarah's recovery to date, the outstanding economic losses for these two victims remain unequal. However, *Paroline* makes clear that we do not demand a "a precise mathematical inquiry" or perfect balancing between victims. *Id.* As such, "[g]iven the ample discretion granted to district courts in setting restitution awards for victims of child pornography following *Paroline*," we conclude that the district court did not abuse its discretion in ordering $11,000 in restitution for the four victims proximately harmed by Knapp's possession and distribution of child pornography. *See Evans*, 802 F.3d at 950.

Accordingly, we affirm the restitution awards.

———————————————