# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2389
_____

United States of America

*Plaintiff - Appellee*

v.

Randy Scott Miland

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: May 18, 2018
Filed: August 20, 2018
[Unpublished]
_____

Before SHEPHERD, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

   In June 2017, the district court[1] sentenced Randy Scott Miland to 90 months of imprisonment, followed by three years of supervised release, based on his guilty

_____

   [1]The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota.

plea to mail fraud and money laundering. Miland argues on appeal that the sentence is substantively unreasonable.

We review a sentence for substantive reasonableness in relation to the advisory sentencing range from the U.S. Sentencing Guidelines Manual (the "Guidelines") and the factors from 18 U.S.C. § 3553(a). *See United States v. Funke*, 846 F.3d 998, 1000 (8th Cir. 2017). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008). We typically accord a presumption of reasonableness when the sentence is within the Guidelines range. *See Funke*, 846 F.3d at 1000.

Contrary to Miland's argument, the district court considered and properly weighed his history and characteristics when imposing a Guidelines sentence. The district court acknowledged that Miland "experienced a difficult childhood" and "lack[ed] [a] solid family foundation." The district court also acknowledged Miland's health condition. The district court weighed these facts against three other facts: (1) he is well educated, having obtained a doctorate in chiropractic medicine; (2) he did not commit financial fraud out of necessity; and (3) he has demonstrated a pattern of using chances to rebuild his life as opportunities to defraud others again. The district court also noted that there was no evidence in the record that the United States Bureau of Prisons would be unable to accommodate his health conditions. In addition to weighing these conflicting factors, the district court correctly dismissed any suggestion that Miland's criminal history was overstated. Notwithstanding successful treatment of his alcohol abuse, he has a history of recidivism evident in repeated crimes involving fraud. As the district court explained, Miland's recidivism is so severe that he received public funds to rebuild his practice after his last fraud crime, and he still squandered that opportunity by returning to fraud. The district court's

sentence is supported by the facts the district court cited, and Miland has not overcome the presumption of reasonableness.

Miland argues in his reply brief that his supervised release term and conditions are not supported by the district court's analysis. We find no indication in the record that he requested a particular supervised release term or objected to any particular condition, and even if he had, the same facts that support a Guidelines prison term here would also support a three-year supervised release term with the conditions the district court imposed as within the district court's discretion. To the extent Miland's reply brief can be construed as raising new arguments about the § 3553(a) factors beyond those arguments already addressed, we decline to address them. *See Jones v. Aetna Life Ins. Co.*, 856 F.3d 541, 549 (8th Cir. 2017) ("This court generally does not consider arguments raised for the first time in a reply brief . . . .").

We affirm.

_____