# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-2412

———————————————

United States of America

*Plaintiff - Appellee*

v.

Nathan Karl Thomas

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - Texarkana Division

——————————

Submitted: May 13, 2019
Filed: August 5, 2019

——————————

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.

——————————

GRASZ, Circuit Judge.

Nathan Thomas appeals the sentence the district court imposed after he pled guilty to two counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2), (b)(1). We vacate the award of restitution but grant the government's motion to dismiss the remainder of the appeal.

As part of his guilty plea, Thomas entered into a plea agreement that contained an appeal waiver. In the agreement, Thomas "reserve[d] the right to appeal from a sentence which exceeds the statutory maximum" but otherwise waived the right to appeal his sentence, including the restitution order.

While Thomas apparently abused victims for some time, his crimes of conviction do not account for most of that conduct. In particular, he received images from and had a "relationship" with one minor victim for most of 2014, but his only conviction from all of his conduct with that particular victim was for receiving a sexually explicit image directly from her on October 30, 2014.

At sentencing, the district court imposed two prison sentences of 180 months, each to run consecutively, for Thomas's possession of two images of child pornography in October and December 2014, respectively. The district court ordered restitution for the October victim's psychological treatment that occurred six months before the charged conduct occurred, in April 2014. Thomas appeals the restitution order and the prison sentence. The government filed a motion to dismiss Thomas's appeal based on the appeal waiver.

We conclude the restitution order in this case survives the appeal waiver because the order is not authorized by the statute. We allow appeals of illegal sentences to prevent a miscarriage of justice. *United States v. Andis*, 333 F.3d 886, 891–92 (8th Cir. 2003) (en banc).

Two types of restitution orders could be legal here. The restitution statute relevant to this case provides for restitution of all of a victim's losses proximately caused by the defendant's crimes of conviction. 18 U.S.C. § 2259(c). *See Paroline v. United States*, 572 U.S. 434, 445 (2014) (explaining "§ 2259 is intended to compensate victims for losses *caused by* the offense of conviction" (emphasis added)). An award of restitution under this statute can also account for the

defendant's contribution to the "continuing and grievous harm" of reproducing, distributing, or possessing child pornography depicting the victim. *United States v. Beckmann*, 786 F.3d 672, 682 (8th Cir. 2015) (quoting *Paroline*, 572 U.S. at 457).

We see no evidence that either situation applies here. A victim's counseling expenses typically cannot be proximately caused by images first obtained six months *after* the counseling. *See United States v. Rogers*, 758 F.3d 37, 39 (1st Cir. 2014) (affirming an award of restitution that "excluded past costs and based its award on an estimate of [the victim's] future therapy costs, occasioned by defendant's conduct"); *United States v. Gamble*, 709 F.3d 541, 554 (6th Cir. 2013) ("As a logical matter, a defendant generally cannot cause harm prior to the date of his offense."). Here, it appears the treatment expense in the restitution order arises from Thomas's unconvicted earlier sexual conduct with the victim in the October image. The restitution order could account for Thomas's relevant unconvicted conduct that occurred *before* the offense of conviction—including his role in the production of the pornographic image—but only if it sought to compensate the victim for losses caused by the particular offense of conviction. *See Paroline*, 572 U.S. at 459-60 ("There are a variety of factors district courts might consider in determining a proper amount of restitution," including "whether the defendant had any connection to the initial production of the images."). However, the record here shows that the restitution order sought to compensate solely for losses occurring before the offense of conviction. Additionally, the record does not indicate Thomas contributed to any continuing distribution. Thus, the restitution order in this case is an illegal order.

On review of the remainder of Thomas's appeal, we conclude the prison sentence is within the scope of the appeal waiver. No provision in the waiver allows Thomas to appeal a sentence within statutory limits. We also see no miscarriage of justice in his prison sentence on this record. Thus, we grant the government's motion to dismiss as to the portion of the appeal addressing Thomas's prison sentence.

-3-

We are troubled that Thomas continues to show no remorse for his victims, including refusal to pay for a victim's counseling, but that is not a sufficient basis to impose restitution without authorization by statute. We vacate the order of restitution in this case but otherwise grant the government's motion to dismiss.

_____