# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-3760

———————————————

United States of America

*Plaintiff - Appellee*

v.

David Vogelpohl

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

——————————

Submitted: October 19, 2020
Filed: October 29, 2020
[Unpublished]

——————————

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

——————————

PER CURIAM.

David Ralph Vogelpohl pled guilty to sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) and (e). The district court[1] enhanced his sentence under U.S.S.G. § 2G2.1(b)(4)(A) and denied his request for a downward variance,

———————————

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

sentencing him to 360 months in prison. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Vogelpohl argues the district court erred in applying an enhancement under U.S.S.G. § 2G2.1(b)(4)(A) for depictions portraying sadistic or masochistic conduct. This court reviews the application of the sentencing guidelines de novo, and the district court's factual findings review for clear error. *United States v. Cannon*, 703 F.3d 407, 415 (8th Cir. 2013).

A sentencing enhancement applies when the "offense involved material that portrays . . . sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.1(b)(4)(A). The enhancement also "applies to material *depicting* sadistic, masochistic, or violent conduct even if those pictured were not truly engaging in painful activities." *Cannon*, 703 F.3d at 415.

Here, at Vogelpohl's request, the victim sent videos and pictures of herself inserting her finger into her vagina and anus and a mascara applicator into her vagina. The district court did not err in finding this was "sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.1(b)(4)(A). *See United States v. Schnekenburger*, 788 Fed. App'x 1044, 1044-45 (8th Cir. 2020) (upholding the enhancement for sadistic or masochistic conduct where the 15-year-old victim inserted "a foreign object into her vagina and anus"); *United States v. Starr*, 533 F.3d 985, 1001-02 (8th Cir. 2008) (holding that self-penetration with a foreign object qualifies as "violence" under U.S.S.G. § 2G2.1(b)(4)); *United States v. Parker*, 267 F.3d 839, 847 (8th Cir. 2001) (holding that "sexual penetration with a foreign object" qualifies as violence under U.S.S.G. § 2G2.1(b)(4)).

The district court did not err in applying the enhancement.

II.

Vogelpohl asserts the district court abused its discretion in denying his motion for a downward variance and sentencing him to 360 months in prison. "This court reviews the imposition of sentences, whether inside or outside the Guidelines range, under a deferential abuse-of-discretion standard." *United States v. Thigpen*, 848 F.3d 841, 847 (8th Cir. 2017) (cleaned up). A court abuses its discretion when it: (1) "fails to consider a relevant factor that should have received significant weight;" (2) "gives significant weight to an improper or irrelevant factor;" or (3) "considers only the appropriate factors but in weighing them commits a clear error of judgment." *United States v. Funke*, 846 F.3d 998, 1000 (8th Cir. 2017). "Where a sentence imposed is within the advisory guideline range, this court typically accords it a presumption of reasonableness." *Id.* (cleaned up). "[I]t will be the unusual case when [this court] reverse[s] a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Vogelpohl believes the district court gave insufficient weight to mitigating factors including his "very young" age, upbringing, mental health issues, and lack of criminal history. He also argues his sentence is greater than that for "an offense with significantly-similar found conduct and seriousness."

These arguments are without merit. The district court specifically discussed Vogelpohl's criminal history, age, upbringing, and mental health. It also discussed his argument about unwarranted sentencing disparities. It noted that it had "carefully considered" the § 3553(a) factors "[e]ven if I don't mention each of them in my comments here today." The district court properly considered Vogelpohl's arguments. *See United States v. Beyers*, 854 F.3d 1041, 1043 (8th Cir. 2017) ("[W]here the district court heard argument about specific factors, we may presume that the court considered those factors even if the court did not address them expressly." (cleaned up)). After thoroughly considering the aggravating and mitigating factors, it concluded that "a sentence within the advisory guideline range is appropriate." It did not abuse its discretion in imposing a within-guidelines sentence. *See United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009)

(holding that "the court has substantial latitude to determine how much weight to give the various factors under § 3553(a)").

* * * * * * *

The judgment is affirmed.

KELLY, Circuit Judge, concurring.

I agree that our precedent on USSG § 2G2.1(b)(4)(A) all but decides the first issue Vogelpohl raises. <u>See supra</u> at 2. However, I write separately to register concern that our case law has begun to turn what should be a fact- and context-specific inquiry into a per se rule: any insertion of any foreign object under any set of circumstances is necessarily sadistic or violent, and thus subject to a four-level enhancement. That is not how the text of this guideline provision reads. But based on our precedent, I concur.

_____