# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1609

_____

United States of America

*Plaintiff - Appellee*

v.

George Patrick Ashby

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 13, 2023
Filed: April 20, 2023
[Unpublished]

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

George Patrick Ashby pled guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The district

court[1] sentenced him to 360 months in prison. He appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Ashby argues his bottom-of-the-guidelines sentence is substantively unreasonable. This court reviews the substantive reasonableness of a sentence for abuse of discretion. *United States v. Thigpen*, 848 F.3d 841, 847 (8th Cir. 2017). An abuse of discretion occurs when the court "fails to consider a relevant factor that should have received significant weight," "gives significant weight to an improper or irrelevant factor," or makes a "clear error of judgment" in weighing appropriate factors. *United States v. Funke*, 846 F.3d 998, 1000 (8th Cir. 2017). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Ashby believes the court failed to give sufficient weight to the mitigating factors, including his remorse, contrition, desire for rehabilitation, age, life expectancy, military service, substance abuse problems, physical and mental health, and lack of recent criminal history. The district court addressed these factors in detail at sentencing. But it also weighed them against his involvement in "a very large drug conspiracy" with controlled substances that "destroy lives." It noted that the "damage done to society by the drug distribution, especially in these large quantities" is "incalculable." The district court properly considered the 18 U.S.C. § 3553(a) factors. That it gave "some factors less weight" than Ashby prefers "does not justify reversal." *United States v. Anderson*, 618 F.3d 873, 883 (8th Cir. 2010). *See United States v. Wilcox*, 666 F.3d 1154, 1157 (8th Cir. 2012) (holding that the "district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant" is "well within" the judge's "wide latitude").

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

The district court did not abuse its discretion.

* * * * * * *

The judgment is affirmed.

_____