# United States Court of Appeals
### For the Eighth Circuit
_____

No. 22-3214
_____

United States of America

*Plaintiff - Appellee*

v.

Mickael N. Oliver

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri
_____

Submitted: November 15, 2023
Filed: January 18, 2024
_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.
_____

GRASZ, Circuit Judge.

Following a jury trial, Mickael Oliver was convicted of six firearms-related felonies. The district court[1] then sentenced him to 204 months of imprisonment. On

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

appeal, Oliver challenges the sufficiency of the evidence to sustain his convictions. We affirm.

In the summer of 2017, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and the Kansas City Police Department investigated a series of firearms-related offenses in Kansas City, Missouri. The officers were assisted by a paid confidential informant.

Throughout that summer, the informant bought an assortment of firearms from Oliver. These transactions culminated in an attempted sale on October 19, 2017, when Oliver agreed to sell the informant a "long gun and a handgun" for $1,400. The transaction took place at Oliver's house. After the informant inspected the firearms and began to count out his money, Oliver screamed, "now get the fuck out," and pointed the long gun at the informant's face. The informant fled, yelling "for the ATF to come help [him] because [he] thought [he] was going to die that day." The incident was recorded on a body camera worn by the informant.

Law enforcement immediately responded and ordered everyone out of the house. After obtaining consent from Oliver and his mother to search the home, officers recovered three firearms and the money given to the informant to purchase the weapons. Two of the firearms were loaded, both with rounds in the chamber.

Oliver was then taken into custody, and the ATF conducted a videotaped interview. Describing his actions that day, Oliver said, "I had the gun. I had one in his face." He also admitted he had "two guns in [his] hands," both of which were loaded. When asked why he robbed the informant, Oliver replied, "I'm sorry. I accept what I did." When asked if he had ever robbed anyone before, Oliver replied, "I don't rob a lot . . . I don't do a lot of robbing." When asked if he intended to shoot the informant, Oliver answered, "[w]ell, I'm sorry but . . . . I spazzed out. And I never would have pulled the trigger." Oliver then qualified his response, saying, "well, never say never." Oliver was subsequently charged with six firearms-related felonies.

In December 2021, following a three-day trial, a jury convicted Oliver of six felonies. Specifically, Oliver was convicted of possessing a stolen firearm (Count One); unlawfully possessing a firearm as a drug user (Count Four); dealing in firearms without a federal license (Count Five); robbery of United States property through the use of a deadly weapon (Count Six); using and brandishing a firearm in furtherance of a violent crime (Count Seven); and selling a firearm to a convicted felon (Count Eight).

On appeal, Oliver claims the evidence was insufficient to sustain his convictions. We review the sufficiency of the evidence de novo, "viewing the evidence in the light most favorable to the verdict and giving the verdict the benefit of all reasonable inferences." *United States v. Thompson*, 11 F.4th 925, 929 (8th Cir. 2021) (quoting *United States v. Free*, 976 F.3d 810, 813 (8th Cir. 2020)). We must uphold Oliver's conviction unless no reasonable jury could have found him guilty beyond a reasonable doubt. *See id.*

Although Oliver purports to challenge all six convictions, he discusses only two of them: Counts Six and Seven. Specifically, Oliver argues he did not intend to rob the informant; he claims he was just "agitated over the counting of the money" and "[t]he mere fact that he was allegedly holding a gun in his hand does not constitute intent to commit robbery." Based on the evidence presented at trial, a reasonable jury could find Oliver intended to commit a robbery.

On Count Six, robbery of U.S. property, the government had to establish, beyond a reasonable doubt, that Oliver "rob[bed] . . . [a] person . . . of any money, or other property of the United States." 18 U.S.C. § 2114(a). It is clear that Oliver, after obtaining well over $1,000 in government funds, pointed at least one firearm at the informant's head and ordered him to leave the house, keeping both the money and the firearms. This was robbery, plain and simple.

On Count Seven, brandishing a firearm in furtherance of a violent crime, the government had to prove Oliver committed a "crime of violence," knowingly used

-3-

a firearm during and in relation to that crime, and "brandished" the firearm. 18 U.S.C. § 924(c)(1)(A)(ii). Oliver clearly "brandished" a firearm by pointing a firearm at the informant's head and ordering him to "get the fuck out" of his house— conduct Oliver admitted to doing during his interview. *See Dean v. United States*, 556 U.S. 568, 572 (2009) (defining "brandish" as requiring the firearm to be displayed "*in order to intimidate*" another person) (quoting 18 U.S.C. § 924(c)(4)).

Aside from these two counts, Oliver does not mention his other convictions, much less challenge the sufficiency of the evidence to support them. "Allegations of error not accompanied by convincing argument and citation to authority need not be addressed on appeal." *Watson v. O'Neill*, 365 F.3d 609, 615 (8th Cir. 2004). Thus, we are under no obligation to address any allegations of error as to those counts.

Regardless, the evidence of Oliver's guilt on those charges is equally impressive. To Counts Four and Five, Oliver stipulated at trial he sold and possessed firearms without a federal license while illegally using a controlled substance (marijuana). As it relates to Count Eight, Oliver conceded at trial that he sold firearms to a convicted felon. And concerning Count One, the evidence showed Oliver possessed three recently stolen firearms on separate occasions. Although there was no direct evidence that Oliver knew the guns were stolen, a reasonable jury could infer his knowledge because he possessed recently stolen firearms. *See United States v. Knight*, 535 F.2d 1059, 1061 n.3 (8th Cir. 1976) ("[A] jury could infer knowledge that the goods were stolen from the defendant's possession of recently stolen goods.").

The evidence of Oliver's guilt is clear, corroborated by video recordings, and essentially uncontroverted. Thus, Oliver's challenges to the sufficiency of the evidence miss the mark, and his convictions are affirmed.

_____

-4-