# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3689

_____

United States of America

*Plaintiff - Appellee*

v.

Cardel Demetrius Redmond

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 27, 2024
Filed: October 22, 2024
[Unpublished]

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Cardel Redmond was convicted of committing six armed robberies, and attempting one more, of restaurants and grocery stores in Cedar Rapids, Iowa. These robberies took place over a two-week period in November 2020. At the close of the Government's case following a four-day jury trial, Redmond moved for a judgment

of acquittal, which the district court[1] denied. The jury convicted Redmond on a total of fourteen counts: six counts of interference with commerce by robbery, *see* 18 U.S.C. § 1951, six counts of using, carrying, and brandishing a firearm during and in relation to, and possession of a firearm in furtherance of, a crime of violence, *see id.* § 924(c)(1), one count of attempt to interfere with commerce by robbery, *see id.* § 1951, and one count of possession of a firearm by a felon, *see id.* §§ 922(g)(1) and 924(a)(2).

The robbery, attempted robbery, and felon-in-possession counts resulted in a total offense level of 27 which, combined with Redmond's Category VI criminal history, led to an advisory sentencing guidelines range of 130 to 162 months' imprisonment. The six remaining firearms-related counts, each of which carried a mandatory consecutive sentence of eighty-four months,[2] resulted in a total mandatory minimum of 504 months' imprisonment. In sum, the guidelines recommended an "effective advisory range" of 634 to 666 months' imprisonment. *See United States v. Cruz*, 38 F.4th 729, 732 (8th Cir. 2022) (adding the mandatory consecutive sentence for firearms offenses under 18 U.S.C. § 924(c) to the advisory guidelines range for other offenses to arrive at a sum "effective advisory range"). The district court denied Redmond's motion for a downward variance and sentenced him to 666 months' imprisonment, the top of the advisory sentence guidelines range, to be served consecutively to an undischarged State of Iowa sentence.

Redmond appeals the denial of his motion for judgment of acquittal and the denial of his motion for a downward variance. We begin with the motion for acquittal. Redmond argues that there was insufficient evidence to support his

---

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

[2]The underlying statute mandates the length of each mandatory sentence and that they run consecutively with each other and with the other offenses. *See* 18 U.S.C. § 924(c)(1)(A); *id.* § 924(c)(1)(D)(ii); *see also Lora v. United States*, 599 U.S. 453, 457 (2023) ("[T]he sentence [for a § 924(c) violation] must run consecutively, not concurrently, in relation to other sentences.").

convictions. "We review the sufficiency of the evidence de novo, 'viewing the evidence in the light most favorable to the verdict and giving the verdict the benefit of all reasonable inferences.'" *United States v. Oliver*, 90 F.4th 1222, 1224 (8th Cir. 2024) (citations omitted). "Reversal is appropriate only where a reasonable jury could not have found all the elements of the offense beyond a reasonable doubt." *United States v. Trejo*, 831 F.3d 1090, 1093-94 (8th Cir. 2016).

The evidence is sufficient to support Redmond's convictions. Redmond contends that there was no physical evidence in his possession connecting him to the armed robberies. Yet the Government presented considerable evidence tying Redmond to the crimes. Redmond's hotel room was within close walking distance of several robbed establishments. Time-stamped surveillance footage from the hotel and several robbed establishments show Redmond leaving the hotel shortly before, or returning shortly after, robberies took place. Footage from several robbed establishments and witness testimony show the robber wearing clothing matching clothing recovered from Redmond's hotel room. In addition to video evidence, Redmond's phone location data also placed him at the scene of several of the robberies, and his internet history showed searches for the locations of several of the robbery locations prior to the robberies. Also on his phone were videos, dated around the time of the robberies, showing Redmond brandishing a firearm matching the descriptions of the firearm used in the robberies. This accumulation of evidence viewed "in the light most favorable to the verdict," *Oliver*, 90 F.4th at 1224, is sufficient to sustain Redmond's convictions. Therefore, we see no error in the district court's denial of Redmond's motion for judgment of acquittal.

Next, Redmond challenges the district court's denial of a downward variance, which he argues makes the sentence substantively unreasonable. We review the substantive reasonableness of the district court's sentence for abuse of discretion. *United States v. Funke*, 846 F.3d 998, 1000 (8th Cir. 2017).

> An abuse of discretion occurs when: 1) a court fails to consider a relevant factor that should have received

significant weight; 2) a court gives significant weight to an improper or irrelevant factor; or 3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment. Where a sentence imposed is within the advisory guideline range, this court typically accords it a presumption of reasonableness.

*Id.* (citations omitted). The district court did not abuse its discretion here. The 666-month sentence is within the guidelines range. The district court considered all the factors set forth in 18 U.S.C. § 3553(a)—including aggravating and mitigating factors, as appropriate—and concluded that Redmond's lengthy criminal record and the violent nature of his conduct supported the long sentence. "It is the defendant's burden . . . to show that the sentence should have been lower," but Redmond does not point to any clear error of judgment in the district court's weighing of factors. *Id.* Accordingly, we detect no abuse of discretion.

Affirmed.

_____