# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2482

_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Karlos Thigpen, also known as Antionio Karlos Thigpen, also known as Hustler, also known as Tone Cappone, also known as Tone, also known as Tonio

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 13, 2017
Filed: February 15, 2017

_____

Before LOKEN, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Antonio K. Thigpen pled guilty to being a felon and unlawful user in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(2). The district court[1] sentenced him to 120 months'

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

imprisonment. He appeals the sentence, challenging the guidelines determination. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Police received a call about a disturbance between seven or eight people, one allegedly with a gun. A witness told officers the one with the gun was a black male wearing a white sweat suit with a black logo. Searching the area, police found Thigpen, who matched the description. Officers directed Thigpen to remain on the porch of the house where he was standing. He entered the house, closed the door, but exited about 20 seconds later. Police detained him. He admitted possessing marijuana. Police found about 5 grams in his pocket.

The owners of the house consented to a search. Police found a Glock pistol in a garbage can near the front door. The pistol had a scratched-off serial number on its frame and had been reported stolen. The owners denied possession. Thigpen later admitted putting the gun in the garbage can.

Thigpen pled guilty. Over his objections, the district court: (1) increased his base offense level pursuant to U.S.S.G. § 2K2.1(a)(2) based on a prior Iowa felony conviction for third-degree burglary; (2) imposed a four-level increase under U.S.S.G. § 2K2.1(b)(4)(B) for a firearm with "an altered or obliterated serial number;" and (3) imposed a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possession of a firearm "in connection with another felony offense." Adjusting downward for acceptance of responsibility, the court calculated a 29 total offense level and a category IV criminal history, making the guidelines range 121 to 151 months, which became 120 months due to a statutory maximum. The court sentenced him to 120 months.

I.

Thigpen disputes that his Iowa third-degree burglary conviction is a "crime of violence" under U.S.S.G. § 2K2.1(a)(2). This court "review[s] *de novo* a district

court's determination that an offense qualifies as a crime of violence under the Guidelines." ***United States v. Harrison***, 809 F.3d 420, 425 (8th Cir. 2015), *citing* ***United States v. Tessmer***, 659 F.3d 716, 717 (8th Cir. 2011).

At sentencing, Thigpen argued his third-degree burglary conviction was not "a crime of violence" because Iowa's burglary statute is broader than generic burglary. After sentencing, the United States Supreme Court held that a conviction under Iowa's burglary statute is not a violent felony for purposes of the Armed Career Criminal Act. ***Mathis v. United States***, 136 S. Ct. 2243, 2248 (2016). The government concedes that Thigpen's Iowa third-degree burglary conviction is not "a crime of violence" for purposes of enhancement under section 2K2.1(a)(2).

Without this enhancement, Thigpen's total offense level of 29 becomes 25. Thigpen requests remand, invoking a new guidelines range of 84-105 months. The government asserts harmless error. "When the guidelines are incorrectly applied, [this court] remand[s] for resentencing unless the error was harmless, such as when the district court would have imposed the same sentence absent the error." ***United States v. Idriss***, 436 F.3d 946, 951 (8th Cir. 2006).

At sentencing, the district court acknowledged the pending *Mathis* case, but declined to "speculat[e] as to what the United States Supreme Court will do," instead "apply[ing] the law in the Eighth Circuit which currently exists." It said:

> The Court would note that in terms of the burglary being a predicate at Paragraph 17, I believe there would be some overlap if the Court had erred on that and we were at 27/IV. Then I think the effective guideline range would overlap the 29/IV.

Considering the section 3553(a) factors, the court said:

> The Court hereby imposes a nonguideline sentence. Although I considered the guidelines and did the computation of the advisory

-3-

guideline sentencing range, I did not depend solely on that computation in reaching my sentencing decision in this case. Therefore, any error in the computation of the advisory guideline computation or any retroactive changes to the advisory guidelines would not affect or change in any way my determination that the sentence that is sufficient but not greater than necessary to achieve the goals of sentencing is the sentence of 120 months.

In arriving at the sentence, I considered each and every factor at 18 United States Code Section 3553(a). And in arriving at my nonguideline sentence of 120 months, I particularly relied on the nature and circumstances of the offense and the history and characteristics of the defendant.

Although the district court mistakenly believed Thigpen's total offense level would be 27 rather than 25 if it decided the Iowa conviction was not "a crime of violence," the court "did not depend solely on that computation in reaching [the] sentencing decision," noting that any error "would not affect or change in any way my determination that the sentence that is sufficient but not greater than necessary to achieve the goals of sentencing is the sentence of 120 months." Because the district court stated it would impose the same sentence regardless of the guidelines calculation, the section 2K2.1(a)(2) enhancement was harmless error. *See **United States v. Pappas***, 715 F.3d 225, 230 (8th Cir. 2013) (holding harmless any error in the guidelines calculation where the district court explicitly said it would have imposed the same sentence "regardless of the guidelines"); ***United States v. Davis***, 583 F.3d 1081, 1094-95 (8th Cir. 2009) (holding harmless any error in the guidelines calculation where the district court explicitly said it would have imposed same sentence "regardless of whether [defendant] was a career offender").

II.

Thigpen asserts the district court erred in imposing a four-level increase under U.S.S.G. § 2K2.1(b)(4)(B) based on the pistol's "altered or obliterated serial

number." This court reviews factual findings for clear error and application of the sentencing guidelines de novo. *United States v. Jauron*, 832 F.3d 859, 863 (8th Cir. 2016).

As a police officer testified at sentencing, Glock pistols have four parts: (1) a barrel; (2) a slide; (3) a frame; and (4) a spring. Typically, they have one serial number, located in three places—the barrel, the slide, and the frame. Because the frame is the only part requiring a federal firearms license, it is considered the permanent part, and, the number on it is the permanent number. The barrel and slide are interchangeable and could have different serial numbers than the frame.

Here, the serial numbers on the barrel and slide were unaltered and identifiable. However, two of the six numbers on the frame were scratched off. As the officer testified, if the barrel and slide—the interchangeable parts—had been replaced with serial numbers different from the frame, the pistol would not easily be identifiable from the partially obliterated serial number on its frame.

Thigpen argues the enhancement was inappropriate because only one of the pistol's three serial numbers was altered, and officers identified it from the other two. Section 2K2.1(b)(4)(B) requires a four-level enhancement if a defendant possesses a firearm that "had an altered or obliterated serial number." Whether this section applies when only one number is altered or obliterated, is an issue of first impression for this court.

The First and Eleventh Circuits recently held that section 2K2.1(b)(4)(B) requires only that one serial number be altered or obliterated, even if others are clearly legible. *See United States v. Warren*, 820 F.3d 406, 408 (11th Cir.), *cert. denied*, 137 S. Ct. 221 (2016); *United States v. Serrano-Mercado*, 784 F.3d 838, 850 (1st Cir. 2015), *cert. denied*, 2017 WL 160457 (2017). The Eleventh Circuit reasoned:

The guidelines require only that the firearm in question "had *an* altered or obliterated serial number." U.S.S.G. § 2K2.1(b)(4)(B) (emphasis added). As the First Circuit has recently explained, that language "does not require that *all* of the gun's serial numbers be so affected." *United States v. Serrano-Mercado*, 784 F.3d 838, 850 (1st Cir. 2015). We have said in other contexts that "[i]n common terms, when 'a' or 'an' is followed by a restrictive clause or modifier, this typically signals that the article is being used as a synonym for either 'any' or 'one.'" *United States v. Alabama*, 778 F.3d 926, 932 (11th Cir. 2015). . . . Read in that fashion, the § 2K2.1(b)(4)(B) enhancement applies either when *any* serial number on a gun has been altered or obliterated or when *just one* serial number has been altered or obliterated.

The First and Eleventh Circuits' reasoning "accords with the intent of Guideline § 2K2.1(b)(4), which is to discourage the use of untraceable weaponry." *Serrano-Mercado*, 784 F.3d at 850 (internal quotations omitted), *quoting **United States v. Carter***, 421 F.3d 909, 914 (9th Cir. 2005). As the district court found:

The guideline does not require that all the serial numbers on an assembled firearm be obliterated or altered. One is enough, and that's a plain reading of the guideline. And, of course, in this case, having the serial number obliterated on the frame is the most important serial number, because that is the definition of a firearm, the frame of it. There is no evidence that the obliterated serial number on the frame is the same serial number as on the barrel and the slide.

It just makes sense that if you obliterated a serial number on any firearm component, particularly the frame, that could result in that particular component not being traceable. And obviously, this guideline focuses on tracing the firearms and being able to trace the firearms, and when you materially change that serial number, it makes accurate information as to the original of that firearm less accessible.

Based on the plain language of section 2K2.1(b)(4)(B), it applies "when the serial number on the frame of a firearm is obliterated even if other serial numbers on the firearm, like the one left intact on the slide [and the barrel] of this weapon, are

-6-

unaltered." ***Serrano-Mercado***, 784 F.3d at 850.  The district court did not err in applying the section 2K2.1(b)(4)(B) enhancement.

III.

Thigpen argues the district court erred in imposing a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possession of a firearm "in connection with another felony offense."  This court "review[s] *de novo* the district court's interpretation and application of the Guidelines." ***United States v. Jackson***, 633 F.3d 703, 705 (8th Cir. 2011).

The four-level enhancement under section 2K2.l(b)(6)(B) applies if a defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense." **U.S.S.G. § 2K2.1(b)(6)(B)**.  The guideline commentary defines "another felony offense" as:

> [A]ny Federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained.

**U.S.S.G. §2K2.1, cmt. n.14 (C)**.

Thigpen's prior conviction was under Iowa Code § 724.4(1), which says:

> Except as otherwise provided in this section, a person who goes armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not, or who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor.

Thigpen maintains his conviction is excepted from the definition of "other felony offense" as an "explosive or firearms possession or trafficking offense." In *United States v. Walker*, this court rejected this argument, holding Iowa Code § 724.4(1) "does not fall within the narrow Note 14(C) exclusion for '*the . . .* firearms possession . . . offense.'" **United States v. Walker**, 771 F.3d 449, 453 (8th Cir. 2014). While Thigpen disagrees with *Walker*, he recognizes it is binding precedent. *See* **United States v. Reynolds**, 116 F.3d 328, 330 (8th Cir. 1997) ("One panel may not overrule another.").

The district court did not err in assessing the four-level enhancement for possessing a firearm "in connection with another felony offense."

IV.

Thigpen believes the district court procedurally erred by stating it was imposing a non-guideline sentence and then imposing a guideline sentence. This court "review[s] the imposition of sentences, whether inside or outside the Guidelines range, [under] a deferential abuse-of-discretion standard." **United States v. Jones**, 612 F.3d 1040, 1044 (8th Cir. 2010), *quoting* **United States v. Hayes**, 518 F.3d 989, 995 (8th Cir. 2008). It "must first ensure that the district court committed no significant procedural error." **Id.**, *quoting* **Gall v. United States**, 552 U.S. 38, 51 (2007). Where, as here, the "defendant fails to object timely to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error." **United States v. Hill**, 552 F.3d 686, 690 (8th Cir. 2009), *quoting* **United States v. Vaughn**, 519 F.3d 802, 804 (8th Cir. 2008). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." **Id.**, *citing* **Johnson v. United States**, 520 U.S. 461, 466-67 (1997).

Thigpen cannot show any alleged procedural error affected his substantial rights or that "but for the error he would have received a more favorable sentence."

***United States v. Linderman***, 587 F.3d 896, 899 (8th Cir. 2009), *quoting **United States v. Pirani***, 406 F.3d 543, 552 (8th Cir. 2005) (en banc). The district court stated it did not depend solely on the guidelines in reaching a decision. Rather, it engaged in a thorough analysis of the section 3553(a) factors, noting Thigpen was at "extremely high risk to recidivate due to his lengthy criminal history" and "prior association with a Chicago street gang." It also noted his non-compliance with court-mandated supervision and his "total lack of respect for the law." The court's statement that it was imposing a non-guideline sentence was not plain error.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____