# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10590

UNITED STATES OF AMERICA,

>     Plaintiff - Appellee

v.

RICHARD DESHAWN JONES,

>     Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2019

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH, WIENER, and ELROD, Circuit Judges.

WIENER, Circuit Judge:

Defendant-Appellee Richard Deshawn Jones was arrested in March 2017 while in possession of a firearm. The metal serial-number plate had been removed from the frame of the handgun, but it had a legible serial number on its slide. The number on the slide was used to trace the firearm.

## I. FACTS AND PROCEEDINGS

Jones pleaded guilty to being a Felon in Possession of a Firearm. The presentence report (PSR) calculated Jones's offense level. It recommended a four-level enhancement for possession of a firearm with an altered or obliterated serial number. Jones timely objected to the enhancement, but at

No. 18-10590

sentencing, the district court overruled his objection. Jones appeals the application of that four-level enhancement.

## II. ANALYSIS

We review the district court's application of the sentencing guidelines *de novo* and its factual findings for clear error.[1] Guideline § 2K2.1(b)(4) applies a four-level enhancement to a defendant's base offense level "[i]f any firearm . . . had an altered or obliterated serial number."[2] In *United States v. Perez*, we addressed the meaning of "altered or obliterated" and adopted the Ninth Circuit's holding in *United States v. Carter* that "a firearm's serial number is 'altered or obliterated' when it is materially changed in a way that makes accurate information less accessible."[3] We held in *Perez* that an attempt to scratch the serial number off of a firearm made accurate information less accessible, even though the serial number was "actually readable."[4] In so doing, we relied on the reasoning in *Carter*[5] that the purpose of the guideline—to discourage the use of untraceable weaponry—was advanced by punishing the use of guns that were merely more difficult to trace.[6]

The Ninth Circuit further reasoned in *Carter* that "nothing in [the guidelines] suggests that the alteration [or obliteration] must make tracing impossible or extraordinarily difficult."[7] That court concluded that Guideline §

---

[1] *United States v. Perez*, 585 F.3d 880, 883 (5th Cir. 2009).
[2] U.S. Sentencing Guidelines Manual § 2K2.1(b)(4) (U.S. Sentencing Comm'n 2018).
[3] 585 F.3d at 885 (quoting *United States v. Carter*, 421 F.3d 909, 916 (9th Cir. 2005)).
[4] *Id.* at 883, 885.
[5] *Id.* at 884–85.
[6] *Carter*, 421 F.3d at 914.
[7] *Id.* at 916 (quoting *United States v. Adams*, 305 F.3d 30, 34 (1st Cir. 2002)).

2

No. 18-10590

2K2.1(b)(4) is properly applied to a defendant who possessed a traceable firearm with a defaced serial number.[8]

We have not previously addressed the specific facts of Jones's case, viz., a metal serial-number plate having been removed from the gun's frame but the serial number on the slide remaining unaltered. In *United States v. Serrano-Mercado*, the First Circuit held that Guideline § 2K2.1(b)(4) applies when a serial number on the frame of a firearm is obliterated, even if serial numbers on other components of the firearm remain unaltered.[9] There, "Serrano's pistol had an obliterated serial number on the frame and an unaltered serial number on the slide."[10] The First Circuit noted that the guideline requires "only '*an* altered or obliterated serial number'"[11] and reasoned that

> [a]pplying an enhancement for firearms that have a single totally obscured serial number may serve as a deterrent to tampering, even when incomplete. And, relatedly, the single-obliteration rule could facilitate tracking each component that bears a serial number, given that various parts of firearms may be severable.[12]

*Serrano-Mercado* is directly on point. Jones possessed a handgun (1) from which a plate bearing a serial number had been removed from the frame, but (2) with an unaltered serial number remaining on the slide. We join the First, Eighth, and Eleventh Circuits in holding that the applicable guideline

---

[8] *Id.* at 910, 916; *cf. United States v. Seesing*, 234 F.3d 456 (9th Cir. 2000) (holding that Guideline § 2K2.1(b)(4) was applied in error because the homemade silencer never had a serial number to alter or obliterate).

[9] 784 F.3d 838, 850 (1st Cir. 2015).

[10] *Id.* at 849.

[11] *Id.* at 850; *see also United States v. Thigpen*, 848 F.3d 841, 845–46 (8th Cir. 2017); *United States v. Warren*, 820 F.3d 406, 408 (11th Cir. 2016).

[12] *Serrano-Mercado*, 784 F.3d at 850.

"requires only that one serial number be altered or obliterated, even if others are clearly legible."[13]

Jones counters that the guideline is not applicable here because the *serial number* itself was not altered or obliterated; rather, the *firearm* was altered by the removal of the serial-number plate.[14] We disagree with this flawed semantic distinction because the efficacy of the serial-number plate is negated by its removal from the firearm. A serial number removed from its product is effectively obliterated because it no longer serves its purpose of identifying that item. *Perez* and *Carter* support the conclusion that the serial number in this case was altered because its location was changed in a way that makes accurate information less accessible.

Jones finally argues that removal of a serial number is not an alteration or obliteration because the guideline does not include the word "remove." In *Carter*, the Ninth Circuit discussed the meanings of the words "obliterated" and "altered."[15] That court observed that "'obliterate' is defined by Black's Law Dictionary as '[t]o remove from existence'" and that "'altered' . . . requires a lesser degree of defacement."[16]

The Ninth Circuit subsequently held, in *United States v. Romero-Martinez*, that "'removed' falls comfortably within dictionary definitions of 'obliterated.'"[17] The defendant in that case possessed a firearm that "was missing the serial number on the frame" that had been "cast as a metal plate affixed to the frame."[18] "Romero-Martinez challenge[d] the inclusion of

---

[13] *Thigpen*, 848 F.3d at 845–46 (citing *Warren*, 820 F.3d at 408; *Serrano-Mercado*, 784 F.3d at 850).

[14] This argument is based on the grammatical structure of the guideline. Jones argues that "altered or obliterated" modifies "serial number" not "firearm."

[15] *Carter*, 421 F.3d at 912–13.

[16] *Id.* at 912.

[17] 443 F.3d 1185, 1189 (9th Cir. 2006).

[18] *Id.* at 1187.

'removed' within the definition of 'obliterated.'"[19] The Ninth Circuit rejected that argument and held that Guideline § 2K2.1(b)(4) applied because "the removal of the metal plate certainly makes the firearm less traceable."[20]

This court in *Perez* held that "a firearm's serial number is 'altered or obliterated' when it is materially changed in a way that makes accurate information less accessible."[21] Removal of the metal serial-number plate from the frame of a firearm is a material change in the location of the serial number that makes accurate information, viz., the serial number identifying that firearm, less accessible. Removal of the metal serial-number plate thus alters or obliterates the serial number under Guideline § 2K2.1(b)(4).

AFFIRMED.

---

[19] *Id.*

[20] *Id.* at 1191.

[21] *Perez*, 585 F.3d at 885 (quoting *Carter*, 421 F.3d at 916).