# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2020

Lyle W. Cayce
Clerk

No. 19-50882
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

FRANCISCO JAVIER NUNEZ,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-94-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges.*

PER CURIAM:*

Defendant-Appellant Francisco Javier Nunez pleaded guilty to possessing a firearm as a felon and was sentenced to 120 months of imprisonment and three years of supervised release. Nunez now appeals his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence, arguing that the district court erred in calculating his guidelines sentencing range by improperly applying a four-level enhancement to his offense level because the firearm's serial number had been scratched off. "We review a district court's application of the Sentencing Guidelines *de novo*, and its factual findings for clear error." *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013).

"Guideline § 2K2.1(b)(4) applies a four-level enhancement to a defendant's base offense level '[i]f any firearm . . . had an altered or obliterated serial number.'" *United States v. Jones*, 927 F.3d 895, 896 (5th Cir. 2019). "Subsection (b)(4) applies regardless of whether the defendant knew or had reason to believe that the firearm . . . had an altered or obliterated serial number." Unites States Sentencing Guidelines § 2K2.1, cmt. n.8(B). It "does not require that the defendant be the one who obliterated or altered the serial number or that he know it had been obliterated or altered." *United States v. Perez*, 585 F.3d 880, 883 (5th Cir. 2009).

Nunez contends that the district court should not have applied § 2K12.2(b)(4) in his case because his codefendant purchased the gun and brought it into Nunez's car, and that he had not touched the gun or taken any other affirmative action with respect to it. We have "continually enforced the clear and unambiguous language of § 2K2.1(b)(4) and its strict liability standard." *Perez*, 585 F.3d at 883. Nunez does not challenge the district court's finding that the firearm's serial number had been scratched off, so he has not shown that the district court erred by applying § 2K2.1(b)(4) when it calculated his sentence. *See Perez*, 585 F.3d at 885. The judgment of the district court is AFFIRMED.