# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2528
_____

United States of America

*Plaintiff - Appellee*

v.

George Raymond Bounds

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: March 19, 2021
Filed: May 7, 2021
[Unpublished]

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

George Bounds pleaded guilty to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court[1] found that Bounds had possessed, among other firearms, a Baikal and a Hi-Pointe.

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

It concluded that the serial number on the Baikal's frame had been mostly obliterated (although the serial number on its slide was still legible). It also found that there were extensive scratch marks on the Hi-Pointe's serial number, making it difficult to read. Accordingly, the district court applied a four-level enhancement to Bounds's offense level under U.S.S.G. § 2K2.1(b)(4)(B) for possessing a firearm with an altered or obliterated serial number. The court also concluded that Bounds's criminal-history category substantially underrepresented the seriousness of his criminal history and thus departed upward pursuant to § 4A1.3(a)(1). Finally, the district court denied Bounds's request for a downward variance and sentenced him to 80 months' imprisonment. Bounds appeals, challenging the district court's decisions to apply the four-level enhancement, to apply an upward departure, and to deny his downward-variance request. We affirm these decisions.

First, Bounds challenges the district court's application of the four-level enhancement under § 2K2.1(b)(4)(B). We review a district court's "factual findings for clear error and [its] application of the sentencing guidelines de novo." *United States v. Thigpen*, 848 F.3d 841, 845 (8th Cir. 2017). Section 2K2.1(b)(4)(B) authorizes a four-level increase to a defendant's offense level if he possessed a firearm that "had an altered or obliterated serial number." "[A] firearm's serial number is 'altered or obliterated' when it is materially changed in a way that makes accurate information less accessible." *United States v. Jones*, 643 F.3d 257, 259 (8th Cir. 2011) (brackets in original).

Bounds does not dispute that only three of the seven numbers of the serial number on the Baikal's frame were legible. He nonetheless argues that the district court erred in applying § 2K2.1(b)(4)(B) because the unaltered serial number on the slide left the firearm readily traceable by law enforcement. But § 2K2.1(b)(4)(B) applies "when the serial number on the frame of a firearm is obliterated even if other serial numbers on the firearm . . . are unaltered." *Thigpen*, 848 F.3d at 846. Alternatively, Bounds argues that the district court erred because there is no evidence Bounds himself was aware of or responsible for the serial-number alterations. But § 2K2.1(b)(4)(B) applies "regardless of whether the defendant knew

or had reason to believe that the firearm had an altered or obliterated serial number." *United States v. Grimes*, 825 F.3d 899, 903 (8th Cir. 2016) (ellipsis omitted). Accordingly, the district court did not err in imposing a four-level enhancement pursuant to § 2K2.1(b)(4)(B).[2]

Second, Bounds contends that the district court abused its discretion by departing upward pursuant to § 4A1.3(a)(1). We review a district court's decision to depart upward for an abuse of discretion. *United States v. Outlaw*, 720 F.3d 990, 992 (8th Cir. 2013). Section 4A1.3(a)(1) allows district courts to depart upward if "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." But when the district court makes clear that it would have alternatively varied upward under 18 U.S.C. § 3553(a), any error in departing upward under U.S.S.G. § 4A1.3(a)(1) is harmless. *United States v. Timberlake*, 679 F.3d 1008, 1011 (8th Cir. 2012). Here, the district court explained that, if it did not depart upward, it nonetheless would have varied upward by the same amount. Accordingly, Bounds's argument fails because, even if the district court abused its discretion in departing upward, such error was harmless. *See id.* at 1012 (declining to reach merits in similar circumstances).

Finally, Bounds contends that the district court abused its discretion by not granting his request for a downward variance. "We review the denial of a motion for downward variance by reviewing the sentence for reasonableness, applying a deferential abuse-of-discretion standard." *United States v. Angeles-Moctezuma*, 927 F.3d 1033, 1037 (8th Cir. 2019). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines

---

[2]Bounds also argues that the district court erred in finding that the alteration to the Hi-Pointe's serial number triggered § 2K2.1(b)(4)(B). Because we find that the alteration to the Baikal's serial number triggers § 2K2.1(b)(4)(B), we need not reach this issue. *See* § 2K2.1(b)(4)(B) (stating that the four-level enhancement applies "[i]f *any* firearm . . . had an altered or obliterated serial number" (emphasis added)).

range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

At sentencing, the district court found that Bounds had "a troubling criminal history" composed of ten adult convictions, including burglary, kidnapping, and aggravated assault. Further, the court noted that, each time law enforcement would seize Bounds's firearm, he would "just get another gun," which "show[ed] a degree of lack of respect for the law and recidivism." The district court also found that Bounds's offense conduct was aggravated by the fact that he was prohibited from possessing a firearm not only as a felon, but as an unlawful drug user. Based on these factors and others, the district court denied Bounds's downward-variance request. Bounds's "disagree[ment] with the court's balancing of the relevant considerations" "does not show that the court committed reversible error." *See United States v. Ruiz-Salazar*, 785 F.3d 1270, 1273 (8th Cir. 2015).

Accordingly, we affirm the district court's decisions to apply a four-level enhancement, depart upward, and deny Bounds's downward-variance request.

_____