# United States Court of Appeals
## For the Eighth Circuit
_____

No. 20-3300
_____

United States of America

*Plaintiff - Appellee*

v.

Daniel James Decker

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: October 18, 2021
Filed: November 19, 2021
[Unpublished]
_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Daniel James Decker pled guilty to possession with intent to distribute meth, in violation of 21 U.S.C. § 841(a)(l) and (b)(l)(A). The district court[1] varied

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

downward, sentencing him to 220 months in prison. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Decker believes the district court should have granted him a greater downward variance from his guidelines range of 292 to 365 months. This court reviews for abuse of discretion. *United States v. Thigpen*, 848 F.3d 841, 847 (8th Cir. 2017). Where, as here, "a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Anwar*, 880 F.3d 958, 973 (8th Cir. 2018).

Relying on *United States v. Harry*, 313 F. Supp. 3d 969, 974 (N.D. Iowa 2018), Decker argues his base offense level of 38 "overstates the seriousness of the offense" because his "possession of a drug of certain purity (ice methamphetamine) did not result in more harm than another variety of the same drug." The district court rejected this argument:

> With regard to the so-called *Harry* variance because of the methamphetamine, the way that the guidelines treat ice methamphetamine versus powder methamphetamine, I'm very familiar with the *Harry* variance and not only the judges in this district but in other districts who have varied downward from the advisory guidelines based on the purity level treatment by the guidelines of methamphetamine versus powder. I have repeatedly declined to find a policy disagreement with the guidelines.

The court did not err in rejecting the *Harry* reasoning. *See United States v. Heim*, 941 F.3d 338, 340-41 (8th Cir. 2019) (rejecting the argument that the district court erred in failing to grant a variance under *Harry* because a district court cannot be compelled to "disagree with a guidelines provision as a matter of sentencing policy because other sentencing judges have done so"); *United States v. Velazquez*, 726 Fed. App'x 530, 531 (8th Cir. 2018) (rejecting same argument Decker asserts here).

In varying downward, the court fully considered Decker's conduct:

> [G]iven that the defendant's involvement in this case was moving multiple pounds of methamphetamine very close to the source of supply and importing pounds of methamphetamine and distributing pounds of methamphetamine, I would find that the drug quantity calculation here is a good surrogate of the defendant's relative criminal culpability of where he falls in the drug trade and why a sentence—why the guidelines calculation should result in the advisory guideline range that it does here.

The court thoroughly considered the § 3553(a) factors and exercised its "substantial latitude to determine how much weight to give" them. *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____