# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-3767

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jody Terrell Fenton, Jr.

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Eastern

——————————

Submitted: May 9, 2022
Filed: June 27, 2022
[Unpublished]

——————————

Before SMITH, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Jody Terrell Fenton, Jr., pleaded guilty to being a felon in possession of a firearm and was sentenced to 100 months' imprisonment. On appeal, he argues that

the district court[1] erred in (1) determining that his Iowa marijuana offense was a "controlled substance offense" under U.S.S.G. § 2K2.1(a)(3), and (2) assessing a four-level enhancement for altering or obliterating a firearm's serial number under U.S.S.G. § 2K2.1(b)(4)(B). We affirm.

## I. *Background*

Fenton pleaded guilty to being a felon in possession of a firearm based on his unlawful possession of four firearms. At the time that he pleaded guilty, he had a 2017 Iowa felony conviction for possession with intent to distribute marijuana. *See* Iowa Code § 124.401(1)(d) (2017). The presentence report (PSR) calculated a base offense level of 22 because the "offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and [Fenton] committed the instant offense subsequent to sustaining one felony conviction of . . . a controlled substance offense." R. Doc. 43, at 8 (citing U.S.S.G. § 2K2.1(a)(3)). The PSR also assessed a four-level enhancement because a "firearm had an altered or obliterated serial number." *Id.* (citing U.S.S.G. § 2K2.1(b)(4)(B)). After taking into account Fenton's acceptance of responsibility, the PSR calculated a total offense level of 25. That offense level, combined with a criminal history category of V, yielded a Guidelines range of 100 to 125 months' imprisonment. But the statutorily authorized maximum was ten years. Therefore, the PSR calculated a Guidelines range of 100 to 120 months' imprisonment.

Fenton challenged the PSR's application of § 2K2.1(a)(3) and § 2K2.1(b)(4)(B). As to § 2K2.1(a)(3), he argued that his 2017 Iowa marijuana conviction did not qualify as a predicate offense because when he was convicted in 2017, "Iowa law defined 'marijuana' as including substances—namely, hemp—that are no longer controlled under federal law." R. Doc. 40, at 4. He also challenged the

---

[1]The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired.

§ 2K2.1(b)(4)(B) enhancement, arguing that "[r]emoving the plate on which a serial number was *presumably* printed does not materially change *the serial number*, especially when the [g]overnment would be unable to prove that the serial number was printed on the plate in the first place." *Id.* at 15.

At sentencing, Fenton did not lodge any factual objections to the PSR, and the district court found the PSR factually accurate. The court then determined that Fenton's 2017 Iowa marijuana conviction "is a controlled substance offense" for purposes of § 2K2.1(a)(3). R. Doc. 53, at 8. According to the court, "It should be examined and determined as the conviction existed at the time it was entered . . . ." *Id.* The court noted that if it "believed that [Fenton] was selling . . . rope that's used in craft items, [it] would . . . take that into consideration on the 3553(a) factors, but a judge gave him five years' imprisonment for this." *Id.*

The court next found that Fenton qualified for the four-level enhancement under § 2K2.1(b)(4)(B) because "[t]he removal of the plate qualifies as an obliterated or altered serial number." *Id.* The court calculated a total offense level of 25 and a criminal history category of V, resulting in a Guidelines range of 100 to 120 months' imprisonment. After reviewing the § 3553(a) factors, the district court sentenced Fenton to 100 months' imprisonment.

## II. *Discussion*

On appeal, Fenton challenges the district court's application of § 2K2.1(a)(3) and § 2K2.1(b)(4)(B).

## A. *U.S.S.G. § 2K2.1(a)(3)*

Fenton argues that his Iowa marijuana offense was not a "controlled substance offense" under U.S.S.G. § 2K2.1(a)(3). According to Fenton, his 2017 Iowa marijuana conviction "should not be considered a 'controlled substance offense' . . . because Iowa possession of a controlled substance with intent to deliver

. . . sweeps broader than the federal definition of 'controlled substance offense.'" Appellant's Br. at 7. Fenton argues that "when [he] was convicted under Iowa Code § 124.401(1)(d) in 2017, Iowa law defined 'marijuana' as including substances—namely, hemp—that are no longer controlled under federal law." *Id.* at 10–11. He notes that the Controlled Substances Act (CSA) "no longer penalizes possession of a cannabis plant with a THC concentration of 0.3 percent or less. But Iowa law at the time of [his] 2017 state marijuana conviction did." *Id.* at 14.

"We review the district court's application of the sentencing guidelines de novo and its factual findings for clear error." *United States v. Miller*, 511 F.3d 821, 823 (8th Cir. 2008).

Section 2K2.1(a)(3) directs that a base offense level of 22 applies "if (A) the offense involved a . . . semiautomatic firearm that is capable of accepting a large capacity magazine . . . and (B) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a *controlled substance offense*." (Emphasis added.) In turn, a "controlled substance offense" is defined as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b); *see also* U.S.S.G. § 4B1.1, cmt. n.1 (directing that U.S.S.G. § 4B1.2 provides the definition for "controlled substance offense").

"We conclude the district court did not err in determining [Fenton's] base offense level was 2[2] because he committed the instant offense subsequent to

sustaining one felony conviction of a 'controlled substance offense.'" *United States v. Scott*, No. 21-3371, 2022 WL 1233083, at *1 (8th Cir. Apr. 27, 2022) (unpublished per curiam). Fenton's "argument that a state offense should be compared to the Controlled Substances Act is foreclosed by this court's decision in *United States v. Henderson*, 11 F.4th 713 (8th Cir. 2021)." *Id.* (citing *United States v. Jackson*, No. 20-3684, 2022 WL 303231, at *1 (8th Cir. Feb. 2, 2022) (unpublished per curiam)). We hold that Fenton's "uncontested [2017] felony conviction for possessing marijuana with intent to deliver 'under the hemp-inclusive version of Iowa Code § 124.401(1)(d) categorically qualified as [a] controlled substance offense[]' under the Guidelines." *Id.* (second and third alterations in original) (quoting *Jackson*, 2022 WL 303231, at *2).

## B. *U.S.S.G. § 2K2.1(b)(4)(B)*

Next, Fenton argues that the sentencing enhancement under § 2K2.1(b)(4)(B) should not apply "because removing the serial number plate did not 'alter or obliterate' the serial number itself." Appellant's Br. at 23.

In a challenge to a sentencing enhancement under U.S.S.G. § 2K2.1(b)(4)(B), we review the district court's factual findings for clear error. *United States v. Thigpen*, 848 F.3d 841, 845 (8th Cir. 2017). Application of the sentencing guideline is reviewed de novo. *Id.*

Section 2K2.1(b)(4)(B) provides, "If any firearm . . . had an altered or obliterated serial number, increase by 4 levels." "[A] serial number is 'altered or obliterated' when 'materially changed in a way that makes accurate information less accessible.'" *United States v. Jones*, 643 F.3d 257, 258 (8th Cir. 2011) (quoting *United States v. Carter*, 421 F.3d 909, 916 (9th Cir. 2005)). "[T]he purpose of the guideline—to discourage the use of untraceable weaponry—[is] advanced by punishing the use of guns that [are] merely more difficult to trace." *United States v. Jones*, 927 F.3d 895, 897 (5th Cir. 2019) (citing *Carter*, 421 F.3d at 914).

In *Jones*, the Fifth Circuit held that § 2K2.1(b)(4) applies to "a metal serial-number plate having been *removed* from the gun's frame but the serial number on the slide remaining unaltered." *Id*. (emphasis added). The court "join[ed] the First, Eighth, and Eleventh Circuits in holding that the applicable guideline 'requires only that one serial number be altered or obliterated, even if others are clearly legible.'" *Id*. (quoting *Thigpen*, 848 F.3d at 845–46 (citing *United States v. Warren*, 820 F.3d 406, 408 (11th Cir. 2016); *United States v. Serrano-Mercado*, 784 F.3d 838, 850 (1st Cir. 2015))).

But the defendant in *Jones* argued that the guideline was inapplicable "because the *serial number* itself was not altered or obliterated; rather, the *firearm* was altered by the removal the serial-number plate." *Id*. at 897–98. The defendant based his argument "on the grammatical structure of the guideline. [He] argued that 'altered or obliterated' modifies 'serial number' not 'firearm.'" *Id*. at 898 n.14. The court rejected this argument as a

> flawed semantic distinction because the efficacy of the serial-number plate is negated by its removal from the firearm. A serial number removed from its product is effectively obliterated because it no longer serves its purpose. . . . [T]he serial number . . . was altered because its location was changed in a way that makes accurate information less accessible.

*Id*. at 898.

The defendant then "argue[d] that removal of a serial number is not an alteration or obliteration because the guideline does not include the word 'remove.'" *Id*. Examining the plain language of "obliterate," the court recognized "that *obliterate* is defined by Black's Law Dictionary as to remove from existence and that *altered* requires a lesser degree of defacement." *Id*. (emphases added) (cleaned up). Prior to *Jones*, the Ninth Circuit had previously held "that *removed* falls comfortably within

-6-

dictionary definitions of *obliterated*." *Id.* (emphases added) (internal quotation marks omitted) (citing *United States v. Romero-Martinez*, 443 F.3d 1185, 1189 (9th Cir. 2006)).

Applying *Jones*'s rationale, we now join the Fifth Circuit in holding that "[r]emoval of the metal serial-number plate thus alters or obliterates the serial number under Guideline § 2K2.1(b)(4)." *Id.* Therefore, we hold that the district court did not err in applying the enhancement to Fenton.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____