# United States Court of Appeals for the Fifth Circuit

No. 22-50049
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Salvador Gonzales,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-245-1

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Salvador Gonzales pleaded guilty to the charge of possession of a firearm by a felon. The court sentenced him to 78 months in prison and three years of supervised release—all within the guideline range.

---

* This decision is not designated for publication. *See* 5th Cir. R. 47.5.

Gonzales appeals the four-level sentence enhancement for the firearm having an altered or obliterated serial number. Gonzales also contends that the district court committed significant procedural error by applying the enhancement without providing him notice as required by Federal Rule of Criminal Procedure 32.

We review the district court's application of the sentencing guidelines de novo and its factual findings for clear error. *United States v. Jones*, 927 F.3d 895, 896 (5th Cir. 2019). Section 2K2.1(b)(4) applies a four-level enhancement to a defendant's base offense level "[i]f any firearm . . . had an altered or obliterated serial number." U.S.S.G. § 2K2.1(b)(4); *see United States v. Perez*, 585 F.3d 880, 883-85 (5th Cir. 2009). In making its factual findings relative to the § 2K2.1(b)(4) enhancement, the district court could consider any information having "sufficient indicia of reliability" to support its probable accuracy, including Gonzales's presentence report (PSR). *United States v. Taylor*, 277 F.3d 721, 724 (5th Cir. 2001).

Gonzales does not challenge the district court's finding that the serial number was scratched. He instead contends that the serial number was not "altered" or "obliterated" because it was readable. But the readability of the serial number does not refute the district court's finding. *See United States v. Jones*, 927 F.3d 895, 897 (5th Cir. 2019) (upholding enhancement when "an attempt to scratch the serial number off of a firearm made accurate information less accessible, even though the serial number was 'actually readable.'"). The district court's application of a four-level enhancement for an altered or obliterated serial number under § 2K2.1(b)(4)(B) was not clearly erroneous. *See id.*

We review Gonzales's Rule 32 procedural error claim for plain error, because he did not raise this claim of error in the district court. *See United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001). To satisfy the plain error standard, Gonzales must demonstrate a plain or obvious error that affects his substantial rights. *United States v. Coto-Mendoza*, 986 F.3d 583, 585

(5th Cir. 2021). "To show that an error affects a defendant's substantial rights, the defendant must show that it affected the outcome in the district court." *United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009).

Rule 32 sets forth various requirements for sentencing, including that the presentence report "identify all applicable guidelines and policy statements of the Sentencing Commission." Fed. R. Crim. P. 32(d)(1)(A). However, even assuming, *arguendo*, that the district court plainly erred by failing to provide advance notice that the § 2K2.1(b)(4)(B) enhancement was being considered, Gonzales has not demonstrated that any error in denying him notice would have affected his substantial rights.

To show that his substantial rights were affected by the district court's putative error, Gonzales would have needed to claim or otherwise indicate how he would have succeeded in defeating application of the enhancement. *See United States v. Stanford*, 823 F.3d 814, 848 (5th Cir. 2016). As stated above, Gonzales does not challenge the district court's finding that the serial number was scratched, and that finding was sufficient to support application of the enhancement.

Defendant-Appellant's sentence is AFFIRMED.