# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2023

Lyle W. Cayce
Clerk

No. 22-20222
Summary Calendar

———

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NOLAN SHARP,

*Defendant—Appellant*.

———

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-189-1

———

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

JENNIFER WALKER ELROD, *Circuit Judge*:

Nolan Sharp appeals his sentence following his guilty-plea conviction of felon in possession of a firearm. He argues that the district court erred in enhancing his sentence under U.S.S.G. § 2K2.1(b)(4)(B), which applies only when a defendant's firearm "had an altered or obliterated serial number," because there is no evidence that his rifle ever had a serial number. We agree

No. 22-20222

and join all other circuits that have considered this question. Accordingly, we VACATE Sharp's sentence and REMAND for further proceedings.

I

Sharp was arrested by the Houston Police while in possession of two firearms. Leading up to his arrest, the Houston Police Department had learned that the Backstreet Breadwinners, a street gang of which Sharp was a member, was having a memorial party at a local park for a slain member. The Department then surveilled the park to observe the activities of the gang. Police officers noted that they observed several gang members, many of whom they were able identify by name.

As the celebration concluded, Sharp and several other gang members left the park and dispersed to a local convenience store. Sharp left shortly after his arrival at the store. While surveilling Sharp's activities, police officers indicated that Sharp was driving at such a high rate of speed that they lost sight of his vehicle. Consequently, they notified a nearby patrol unit to orchestrate a traffic stop.

Once the car was stopped, an officer approached Sharp's vehicle, and Sharp opened his driver's side door. As the officer moved closer, he observed a loaded .40 caliber semi-automatic pistol on Sharp's lap. The officer confiscated the pistol, instructed him to exit the vehicle, and took him into custody. An inquiry of Sharp's criminal history revealed that he was a convicted felon. The police searched the car and found a loaded .223 caliber semi-automatic short-barreled rifle that did not have a serial number and whose maker is unknown.

Sharp was charged with a single count of possession of a firearm by a convicted felon, and he pleaded guilty without a plea agreement. His Pre-Sentence Report assessed a base offense level of 14. Relevant here, he received an enhancement under § 2K2.1(b)(4)(B), which provides for a four-

level enhancement when the defendant's firearm "had an altered or obliterated serial number." In response, Sharp filed an objection asserting that § 2K2.1(b)(4)(B) is inapplicable because there was no evidence that his rifle ever had a serial number. Sharp's attorney again made the same objection during sentencing, but the district court overruled the objection, concluding that the provision applied because the enhancement provision was concerned with "untraceable and unmarked guns." Sharp timely appealed.

## II

We review the district court's application of the sentencing guidelines *de novo* and its factual findings for clear error. *United States v. Jones*, 927 F.3d 895, 896 (5th Cir. 2019). At issue in this appeal is whether an enhancement under U.S.S.G § 2K2.1(b)(4)(B) is proper when there is no evidence that the firearm ever had a serial number. Guideline 2K2.1(b)(4)(B) provides for a four-level increase "if [the] firearm . . . had an altered or obliterated serial number."

Sharp argues that the district court erred in applying an upward adjustment under the provision. He notes that there is no evidence that his rifle ever had a serial number, and so no serial number could have been "altered or obliterated" under the terms of the guideline. The government contested Sharp's objection in the district court, arguing that the enhancement should nonetheless apply because the absence of a serial number made Sharp's weapon untraceable and "that is what the Court and the guidelines are trying to prevent." But on appeal, the government agrees with Sharp's objection and concedes that the imposition of the sentencing enhancement was error. Both parties request that we remand this case to the district court for resentencing.

We agree that § 2K2.1(b)(4)(B) does not apply when there is no evidence that the firearm ever had a serial number.  The text of § 2K2.1(b)(4)(B) is clear that it only applies when the firearm "had an altered or obliterated serial number."  U.S.S.G. § 2K2.1(b)(4)(B).  And in ordinary parlance, something cannot be "altered or obliterated" if it never existed in the first place.  *Cf. Matter of Lopez*, 897 F.3d 663, 669 (5th Cir. 2018) ("When terms used in a statute are undefined, we give them their ordinary meaning." (citation omitted)).  Consequently, to apply an upward enhancement under the provision, the government must present evidence showing that Sharp's rifle once had a serial number.  Because there was no such evidence, we hold that the district court erred in applying a four-level enhancement under § 2K2.1(b)(4)(B).

The provision's general purpose to deter untraceable and unmarked guns does not alter this outcome.  Although "words are given meaning by their context, and context includes the purpose of the text," purpose "is to be described as concretely as possible," and it is relevant "only on deciding which of various *textually permissible meanings* should be adopted."  Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 56–57 (2012).  The text at issue is unambiguous, and so "our inquiry begins and ends with the text."  *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 622 (5th Cir. 2013).

In reaching this conclusion, we join four of our sister circuits that have addressed the present issue and come to the same conclusion that § 2K2.1(b)(4)(B) does not apply when the firearm never had a serial number.  *See United States v. Mann*, 701 F.3d 274, 310 (8th Cir. 2012) ("The sentencing enhancement applies only to firearms which once possessed a serial number which has been removed."); *United States v. Laughrin*, 438 F.3d 1245, 1248–49 (10th Cir. 2006) (holding that upward enhancement under § 2K2.1(b)(4)(B) is improper when the defendant's shotgun "had

No. 22-20222

never borne a serial number"); *United States v. Seesing*, 234 F.3d 456, 460 (9th Cir. 2000) (holding that upward enhancement under the provision is inappropriate when the defendant's silencer "never had a serial number"); *United States v. Bakhtiari*, 913 F.2d 1053, 1063 (2d Cir. 1990) (same).

\* \* \*

We VACATE Sharp's sentence and REMAND to the district court for further proceedings.