# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 23-1779

———————————————

United States of America

*Plaintiff - Appellee*

v.

Daniel Arsenio Rodgers

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Eastern

——————————

Submitted: October 20, 2023
Filed: November 2, 2023
[Unpublished]

——————————

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

——————————

PER CURIAM.

A jury found Daniel Rodgers, a felon, guilty of unlawfully possessing a firearm. *See* 18 U.S.C. § 922(g)(1). The district court[1] denied his motion for judgment of acquittal and sentenced him to 120 months' imprisonment. Rodgers

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

appeals and argues that the evidence was insufficient to support his conviction and that the district court erred in applying a sentencing-guidelines enhancement. Addressing these arguments in turn, we affirm.

We review *de novo* the denial of Rodgers's motion for judgment of acquittal based on the sufficiency of the evidence. *United States v. Trejo*, 831 F.3d 1090, 1093 (8th Cir. 2016). We view the "evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." *United States v. Sherman*, 81 F.4th 800, 806 (8th Cir. 2023). "We will reverse only if no reasonable jury could have found all the elements of the offense proved beyond a reasonable doubt." *Id.*

Rodgers argues that the evidence at trial was insufficient for a reasonable jury to conclude beyond a reasonable doubt that he knowingly possessed a Beretta pistol. *See United States v. Coleman*, 961 F.3d 1024, 1027 (8th Cir. 2020) (noting "knowing possession of a firearm" as an element of 18 U.S.C. § 922(g)(1)). At trial, the jury heard witnesses testify, and saw traffic-camera footage showing, that Rodgers committed two drive-by shootings on the day of his arrest. After arresting Rodgers, officers found the Beretta in the center console of the car in which Rodgers had been riding. Later forensic analysis matched the shell casings and bullet fragments found at the two crime scenes to the Beretta found in the car. The Beretta also fit in the Beretta gun case found in a different car used by Rodgers. This evidence sufficed to prove Rodgers's knowing possession of the Beretta, and the district court did not err in denying Rodgers's motion for judgment of acquittal.

Rodgers attempts to avoid this conclusion by attacking the credibility of two of the Government's witnesses and by asserting that the Government proved its case only by "implication." These complaints do not disturb our conclusion that the evidence was sufficient because it is the jury's function, not ours, to judge the credibility of witnesses. *See United States v. Hernandez*, 569 F.3d 893, 897 (8th Cir. 2009). Moreover, a "conviction may be based on circumstantial as well as direct evidence." *United States v. Tate*, 633 F.3d 624, 628 (8th Cir. 2011).

Rodgers further argues that the jury's verdict was "inconsistent" because it found that he knowingly possessed the Beretta but not another firearm also found at the time of Rodgers's arrest. Putting aside that inconsistent verdicts are not, on their own, sufficient grounds for reversal or a new trial, *see United States v. Armstrong*, 253 F.3d 335, 336 (8th Cir. 2001), we agree with the district court that the evidence tending to show Rodgers's knowing possession of the Beretta was different from the apparently weaker evidence connecting Rodgers to the other firearm. We see no inconsistency in the jury's findings.

Next, Rodgers challenges his sentence. Over Rodgers's objection, the district court applied a four-level enhancement because the Beretta "had an altered or obliterated serial number." U.S.S.G. § 2K2.1(b)(4)(B). Rodgers argues that the sentencing enhancement should not have applied because the Beretta's serial number was "visible to the naked eye" and "required no crime lab procedure to determine the serial number." To address this point, we review the district court's factual findings for clear error and its application of the sentencing guidelines *de novo*. *United States v. Thigpen*, 848 F.3d 841, 845 (8th Cir. 2017).

A serial number is "altered or obliterated" when it is "materially changed in a way that makes accurate information less accessible." *United States v. Jones*, 643 F.3d 257, 258 (8th Cir. 2011); *see also United States v. Carter*, 421 F.3d 909, 916 (9th Cir. 2005) ("[N]othing in . . . § 2K2.1(b)(4) suggests that any defacement must make tracing impossible or extraordinarily difficult."). Here, the Beretta's serial number was stamped at three places on the gun. Each was at least partially scratched out, and a police officer testified that law enforcement had difficulty piecing together the gun's serial number because of the scratches. In other words, the scratches "materially changed" the serial number and made an accurate reading "less accessible." The district court also examined the gun, noted that someone scratched out the serial numbers, and found that "the serial number has been altered or obliterated." This finding is not clearly erroneous, and the district court properly applied the enhancement. *See Thigpen*, 848 F.3d at 845-46 (holding that the

enhancement applies even when only one of the three serial-number stamps on the firearm was altered or obliterated).

Accordingly, we affirm Rodgers's conviction and sentence.[2]

_____

[2]Rodgers also raises several ineffective-assistance-of-counsel claims. As a rule, ineffective-assistance claims are better left for post-conviction proceedings, and none of the scenarios that would justify early review of the claims are present here. *See United States v. Ralston*, 973 F.3d 896, 914 (8th Cir. 2020); *United States v. Long*, 721 F.3d 920, 926 (8th Cir. 2013). Thus, we do not address the claims in this direct appeal.