# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2090
_____

United States of America

*Plaintiff - Appellee*

v.

Lucas Frank Floyd

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 8, 2024
Filed: February 6, 2024
[Unpublished]

_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Lucas Frank Floyd pled guilty to conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a). The district court[1] sentenced him to

_____

[1]The Honorable C.J. Williams, United States District Court Judge for the Northern District of Iowa.

180 months in prison and three years of supervised release. He appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Floyd challenges the substantive reasonableness of his above-guidelines sentence (range was 92 to 115 months). This court reviews for abuse of discretion. *United States v. Thigpen*, 848 F.3d 841, 847 (8th Cir. 2017). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Floyd believes the district court failed to adequately weigh the mitigating factors, specifically his "difficult childhood and its extraordinary impact on his adult life." But the court discussed this:

> The defendant's childhood was difficult. His parents were divorced when he was 3 years of age. His father has a history of substance abuse and was not around. His mother has a criminal history and some mental health struggles herself. And the defendant—the defendant's mother, in fact, described the defendant's childhood as a nightmare, noting he was not—she was not the best mother. The defendant was apparently in and out of some foster care as well.

Still, the court varied upward based on his offense conduct (armed robbery/home invasion); other criminal conduct (firearm and drug possession); criminal history (theft, a sex offense); substance abuse issues; a "huge number" of probation violations and "the worst series of violations I think I've seen somebody commit while incarcerated." The court concluded:

> This defendant is out of control. He is violent. I don't know if this is his way of getting back at society for what he feels has been a raw deal that he's received, but whatever his thinking is, it's got to be corrected. And he's going to have to correct it. But in the meantime, I have to consider the goals of sentencing, which include in part imposing a sentence sufficiently severe to protect the community. And this defendant is now on his third armed robbery, the—I'm sorry, second

armed robbery.  He is violent.  He endangered the lives of multiple people. And he simply is a walking danger to the community at this point.

The court properly considered the 18 U.S.C. § 3553(a) factors.  It did not abuse its discretion.  *See United States v. Wilcox*, 666 F.3d 1154, 1157 (8th Cir. 2012) ("The district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within the wide latitude given to individual district court judges in weighing relevant factors." (cleaned up)).

* * * * * * *

The judgment is affirmed.

_____