# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3001
_____

United States of America

*Plaintiff - Appellee*

v.

Rodrigo Bernabe-Reynoso

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Northern

_____

Submitted: March 11, 2024
Filed: May 17, 2024
[Unpublished]

_____

Before COLLOTON, Chief Judge, ERICKSON and KOBES, Circuit Judges.

_____

PER CURIAM.

Rodrigo Bernabe-Reynoso pled guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). After calculating an advisory Sentencing Guidelines range of two to eight months, the district court[1] sentenced Bernabe-Reynoso to a 24-

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

month term of imprisonment. Bernabe-Reynoso appeals, asserting his sentence was both procedurally erroneous and substantively unreasonable. We affirm.

In February 2023, law enforcement stopped a vehicle driven by Bernabe-Reynoso and arrested him for driving under the influence. Bernabe-Reynoso was subsequently charged and pled guilty to illegal reentry after deportation. At sentencing, the district court determined Bernabe-Reynoso's advisory Sentencing Guidelines range was two to eight months, which was based on a total offense level of six and criminal history category III. Bernabe-Reynoso requested a sentence of time served, which was approximately six months. The government recommended a sentence within the applicable Sentencing Guidelines range. The district court upward varied and imposed the statutory maximum sentence of 24 months to be followed by 12 months of supervised release.

Bernabe-Reynoso asserts the district court committed procedural error when it stated at sentencing that he had six, rather than five, prior removals from the United States. When explaining the bases for its sentence, the district court expressed concern about the lack of punishment imposed on Bernabe-Reynoso for the multiple prior removals but was even more concerned about Bernabe-Reynoso's "terrible history of driving while intoxicated" and that he "endangers pedestrians and other drivers on the highways in South Dakota." The district court recounted four prior driving under the influence convictions, two driving without a license convictions, and another driving under the influence charge that was later dismissed. The court also noted Bernabe-Reynoso has pending charges in Minnesota for driving while impaired fourth degree, no Minnesota driver's license, and open container.

Bernabe-Reynoso does not point to any evidence indicating the district court was inclined to impose a lighter sentence because he had five, not six, prior removals from the United States. See United States v. Isler, 983 F.3d 335, 343 (8th Cir. 2020) (finding the defendant failed to show that factual determinations not integral to the district court's decision to vary upwards impacted his ultimate sentence). His claim fails because he cannot show the district court's misstatement of the number of

removals "affected his substantial rights or that 'but for the error he would have received a more favorable sentence.'" See United States v. Thigpen, 848 F.3d 841, 847 (8th Cir. 2017) (quoting United States v. Linderman, 587 F.3d 896, 899 (8th Cir. 2009)).

We next consider Bernabe-Reynoso's claim that the district court imposed a substantively unreasonable sentence because it gave significant weight to his immigration history and his convictions for driving while under the influence. But these are relevant § 3553(a) factors. While the district court placed more weight on certain factors than Bernabe-Reynoso wanted, it did not abuse its broad sentencing discretion by varying upward on his record. See United States v. Drew, 9 F.4th 718, 725-26 (8th Cir. 2021) (rejecting argument that upward variance was substantively unreasonable when the district court considered the defendant's earlier in-custody conduct, his criminal history, the timing of the offense, the need for respect for the law, and public safety).

We affirm the judgment of the district court.

_____